The Chicago and Milwaukee Railroad Company, Plaintiff in Error, v. Ichabod Bull, Defendant in Error.

ERROR TO LAKE.

Expenses attending an assessment of damages in acquiring right of way, include costs, but these are on the same footing as the damages; they are to be paid before the land condemned can be taken. Execution does not issue for such costs.

This was a proceeding commenced by said company under its special charter, (see Private Laws for session of 1851, page 266,) to ascertain the compensation to be paid by said company to defendant in error, by reason of the location and construction of its railroad over and across a certain tract of land in Lake county, owned by defendant.

The report of the commissioners, fixing said compensation and damages, was made and filed with the clerk of the Circuit Court of said county, and a motion made in behalf of said company for the acceptance and approval of said report by the judge of said court. The defendant objected to the acceptance and confirmation of said report, and claiming that he was dissatisfied with the amount awarded, moved that said judge should modify said report as should to him seem just.

At the October term of said court, for the year 1855, Manniere, Judge, presiding, said motion of defendant was tried by the court, and the amount of compensation and damages were increased from $74 to $131.

At the January term, 1856, of said court, the final order accepting and modifying said report was made, in which the court orders as follows: "It is further ordered, that upon payment by said company to said owners and parties in interest of the said compensation and damages, and the expenses of said assessment, said company and its successors shall become seized of said portion of said tract of land, and entitled to the use thereof for right of way for its railroad."

On a subsequent day of said term, on motion of defendant's attorney, said court ordered: "That the fees of the officers of said court for issuing and subpœnaing witnesses, and the fees of witnesses, attending on the part of said Bull, upon the hearing of the motion of said Bull for the modification of said report, be taxed by the] clerk of this court against said railroad company." To which plaintiff excepted.

At the October term of said court, for the year 1856, (two terms having intervened after the entry of the last preceding order,) it was, on motion of defendant's attorney, ordered by

the court, that execution issue for the amount of said fees. To which order an exception was taken by the plaintiff in error.

BLODGETT & UPTON, for Plaintiff in Error.

FRAZER & CLARKE, for Defendant in Error.

BREESE, J. The order entered at October term, 1856, awarding execution, was irregular and unauthorized, and must be set aside.

It is true that the expenses attending the assessment of damages for right of way include costs, but they stand on the same footing as the damages awarded for which execution cannot issue. The law does not so provide. They are to be paid by the company before they can take possession of the land condemned or acquire any right to it whatever.

The judgment awarding execution is reversed and the cause remanded.

*Judgment reversed.*