HENRY SHUTE, Plaintiff in Error, *v.* THE CHICAGO AND MILWAUKEE RAILROAD COMPANY, Defendant in Error.

### ERROR TO LAKE.

An act which provides for a condemnation of land by an application to the senior county commissioner, in the absence of the circuit judge, may be executed by the judges of the County Court, these latter officers being understood as having taken the place of the county commissioner.

Before the county judge can be authorized to act, it must appear that the circuit judge is absent from the county.

If provision is not made by the act for paying the compensation allowed for the land, the party may be restrained from occupying by injunction, until payment is made, but the condemnation will not be invalid.

THIS case is brought to this court from Lake Circuit Court, by writ of error, for the purpose of reviewing and reversing the decision of the Circuit Court in sustaining the proceedings of the defendants in error, in condemning the plaintiff's land, across which the road of defendant is located, in Lake county.

The defendant in error applied to the county judge of Lake county, on the 13th day of May, 1854, by petition, for the appointment of commissioners to assess damages, etc. To which appointment, and to any action relating thereto, the plaintiff in error appeared before the judge and filed his several objections; which objections were overruled, and commissioners were appointed by the county judge.

Afterwards, the plaintiff in error filed in the Circuit Court his petition for a writ of certiorari, for the purpose of reviewing and setting aside the proceedings of the county judge in the Circuit Court. The various orders of the county judge, in relation to the premises, were sustained by the Circuit Court, upon the hearing of the writ of certiorari, and the return thereon.

The error assigned, was the sustaining the proceedings of the County Court.

E. W. EVANS, and C. C. BONNEY, for Plaintiff in Error.

BLODGETT & UPTON, for Defendant in Error.

BREESE, J. By section seven of the act to incorporate the Milwaukee and Chicago Railroad Company, it is provided that "the said corporation or the owner or owners of said lands may, on giving notice of their intended application and the time and place of making the same, apply by petition to the judge of the Circuit Court in the county in which said lands may lie, or in the absence of said judge from the said

county, then to the senior county commissioner of said county, or the county judge of said county, particularly describing in said petition the lands to be appraised ; and upon proof that reasonable notice has been given as directed, the said judge, or in case of his absence as aforesaid, the said senior county commissioner, shall, on hearing the said petition, appoint three disinterested persons, freeholders and residents of the county in which said lands may be situate, as commissioners for the purpose of assessing such damage."

Since the adoption of the present constitution of the State, and the passage of the act of 1849 establishing County Courts, there have been no such functionaries in this State as county commissioners, nor such a court as the county commissioners' court. The constitution abolished them, substituting in their place the County Court, composed of one judge, who is styled county judge, and two associates who are justices of the peace. Whenever, therefore, a statute refers to the county commissioners, the judges of the County Court will be understood, or if to the senior county commissioner, the county judge will be intended. The senior county commissioner, who is to appoint the commissioners in the absence of the circuit judge, will be understood to mean the county judge. The power to appoint is, by a fair construction of the section, vested in the county judge.

It is objected, however, that the application to the county judge in the first instance, by petition, was irregular, there being no averment in the petition of the absence of the circuit judge. It is true, the statute provides in terms, for the application to be made to the county judge only in the absence of the circuit judge from the county where the lands lie. We do not hold that it was indispensable, to give the county judge jurisdiction, that the petition should allege the absence of the circuit judge, but we do hold, before the county judge could proceed to hear the petition, he should be satisfied of such absence by proof or otherwise. This fact must appear in some part of the proceedings, as it is a jurisdictional fact, which, not existing would render void all the proceedings. It is a fact of which the county judge might take judicial notice, but the record should show it. In this case the record does show it, by the judge's order appointing the commissioners. If the circuit judge was not absent, the land owner could stop the proceedings by proof of the fact that he was in the county at the time the petition was presented. If he was in the county, the jurisdiction of the county judge did not exist, and that could have been shown by so affirming and by proof. If the jurisdictional facts appear in any part of the record, this being a special pro-

ceeding for a particular purpose, it is sufficient. *Lorain* v. *Young*, 11 Ill. 624. The power to hear the petition includes, of course, the power to appoint the commissioners.

It is further objected, that the act of incorporation makes no provision for compensation being made, in the first instance, to the owner whose land is taken, and therefore the act violates that clause of the constitution which declares, that no man's property shall be taken, or applied to public use, without just compensation being made to him. (Sec. 11, Art. 3, Scates' Comp. 73.) This clause does not require, as in many other constitutions, that the compensation shall be made before the land is taken and used. It may hence be so taken and used. It is considered sufficient, if provision is made for compensation, and if not paid, the land cannot be taken. The company would be restrained by injunction from using it, until the compensation allowed by the commissioners was actually paid, or the company released by the owner from the payment. Believing the proceedings in this case to be fair and regular, the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*