# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## OCTOBER TERM, 1881·

### OREGONIAN RAILWAY COMPANY *v.* HILL.

#### RAILROADS—APPROPRIATION OF PRIVATE PROPERTY.

Under the constitution of this state the legislature cannot authorize, by any process, a private corporation, such as a railroad, to appropriate the property of an individual without just compensation first assessed and tendered.

#### COMPENSATION FOR LAND TAKEN.

Under our statute the initiative in the exercise of the right of eminent domain lies exclusively with the corporation, and their use of land taken is made dependent upon previous payment of the compensation ascertained by the process given.

#### STATUTE MUST BE STRICTLY PURSUED.

Whenever, in pursuance of any law, the property of an individual is to be divested against his will, there must be a strict compliance with all the provisions of the law authorizing such proceedings.

#### ASSESSMENT OF DAMAGES—JUDGMENT.

It is upon the payment into court of the damages assessed by the jury, that the court is authorized to render judgment appropriating the lands; nor can the court render any other than the particular kind of judgment the statute itself authorizes.

APPEAL from Linn. The facts are stated in the opinion.

*Bellinger & Gearin*, for appellant.

In a proceeding for the condemnation of land, the court acts under a special stated authority, and is clothed with no power in that particular to render any other judgment than

such as the statute authorizes.    (*Gear* v. *The Dubuque and Sioux City Railroad Company*, 20 Iowa, 527; *Baltimore and Susquehanna R. R.* v. *Nesbit*, 10 How., U. S., 395; *Railroad Co.* v. *Wilder*, 17 Kan., 247.)

A default does not admit the amount of damages which the respondent is entitled to recover.   The court is not authorized to assess damages without proof and without a jury. (*Parker* v. *Smith*, 64 N. C., 291.)

*L. Flinn, C. E. Wolverton* and *J. K. Weatherford,* for respondent.

No reply was made to the answer.   Its allegations are therefore confessed.   A judgment for want of a reply is in effect a judgment for want of an answer, and from such a judgment there is no appeal.   (Bliss on Code Pleading, 396; *Sands* v. *Hildreth*, 12 Johns, 493; *Henry* v. *Cuyler*, 17 Johns., 469; *Golden* v. *Kercherback*, 2 Cow., 31; *Campbell* v. *Stokes*, 2 Wend., 145; *Dorr* v. *Birge*, 8 Barb., 351.)

By the Court, Lord, C. J.:

This is a statutory proceeding to condemn certain lands of the defendant for the use of plaintiff's railroad.   The complaint is in the usual form, and based upon the inability of the parties to agree upon the proper compensation to be paid for the land sought to be appropriated.   (Sections 40 and 43, Misc. Laws, 534.)   The answer sets up no defense, but avers the value of the land and the damages resulting from the appropriation thereof, in conformity with section 45 of the same laws.   These are the only pleadings specifically mentioned in the laws under consideration, except that section 41 provides, that such proceeding shall be commenced and proceeded into final determination in the same manner as an action at law, except as otherwise specially provided in this title.   No reply was filed to the averments of the value of the land and the damages resulting from the appropriation, and upon motion, judgment by default was rendered on the pleadings,

to the effect that the plaintiff have and recover the strip of land for railroad purposes, and that the defendant have and recover of and from the plaintiff the full amount of damages claimed, and costs and disbursements. It affirmatively appears from the record, that there was no assessment of damages by the court or by a jury, but that judgment *in personam* was rendered upon the allegations in the answer as by default. From this judgment comes the appeal, and the error assigned is that the court had no jurisdiction to render such judgment, and it is therefore void. The question to be determined by the error assigned is an interesting and important one, and is deserving of careful consideration, as it involves an examination of our constitution and laws in respect to the terms and conditions upon which the property of the citizen may be taken and devoted to the public use under the power of eminent domain.

By the constitution of this state it is provided, that private property shall not be taken for public use without just compensation, and, except in case of the state, without such compensation first assessed and tendered. (Art. I., sub. 18, Const. of Oregon.) It is manifest by this provision, except in case of the state, when it is proposed to take the property of an individual against his will for public use, by the exercise of the power of eminent domain, it cannot be done without just compensation, first assessed and tendered. Not simply compensation, but *just* compensation is a condition precedent to be assessed and tendered, before the citizen can be deprived of his property.

In discussing the general provision, that private property shall not be taken for public uses without full compensation, Chancellor Kent says: "The better opinion is, that the compensation, or offer of it, must precede or be concurrent with the seizure and entry upon private property under the authority of the state. The government is bound, in such cases, to provide some tribunal for the assessment of the compensation or indemnity, before which each party may meet and discuss

their claims in equal terms, and if the government proceeds without taking these steps, then officers and agents may and ought to be restrained by injunction." (2 Kent's Com., 409, note.) He further says: "The settled and fundamental doctrine is, that government has no right to take private property for public purposes without giving *just compensation*, and it seems to be necessarily implied that the indemnity should, in cases which will admit of it, be previously and equitably ascertained, and be ready for reception, concurrently in point of time, with the actual exercise of the right of eminent domain."

In *Bursely* v. *The Mountain Lake Water Company*, 13 Cal., 306, the court say: "The constitution is express: private property shall not be taken for public use without compensation. The compensation precedes the title." The compensation must be adequate. But adequate when? Of course, when the property is taken. In *Cook* v. *South Park Commissioners*, 61 Ill., 120, it is said, that it has always been the doctrine of that court that the damages must be paid before the possession of the land can be taken, or any right to it acquired. (*Chicago and Milwaukee R. R. Co.* v. *Bull*, 20 Ill., 218; *Johnson* v. *Joliet and Chicago R. R. Co.*, 23 Ill., 203; *Shute* v. *Chicago and Milwaukee R. R. Co.*, 26 Ill., 436.)

Mr. Mill, in his work on Eminent Domain, says: "In most of the states a strict rule has grown up, requiring the payment of compensation before entry. The condemning party, in order to enter, must have paid damages and must have necessarily ascertained the amount." (Sec. 89, Mills' Em. Domain.)

Even in the constitutions of those states which do not require in direct terms a previous indemnity, but contain the general provision that private property shall not be taken for public uses without just compensation, the current of authorities hold that the payment or tender of the compensation, or an appropriate provision therefor, is generally required to pre-

cede an appropriation of the owner's property. (See *Cairo and Fulton R. R. Co.* v. *Turner*, 31 Ark., 503, and numerous authorities cited.)

Without comment, it is sufficient to say from this review of the authorities, it is manifest that under the constitution of this state the legislature cannot authorize, by any proceeding, a private corporation, such as a railroad, to take the private property of an individual for public use without just compensation first assessed and tendered. The reason for the exception in behalf of the state is well stated in *Walther* v. *Warner*, 25 Mo., 287, and in which it is also said that "private corporations do not possess an inexhaustible fund for the payment of their liabilities, such as municipal bodies possess in the persons and things within their jurisdiction subject to taxation, and they of course may fail and prove unable to pay their debts, and this is a sufficient reason why what has been allowed in favor of the state should not be extended to private corporations." (Mills on Eminent Domain, sec. 126, and authorities cited in notes.)

In pursuance of this provision of the constitution, and to enable private corporations to construct therein great works of internal improvement, our legislature has provided by statute the particular mode by which corporations may condemn the lands of individuals necessary for the purpose of their contemplated improvements, upon the payment of compensation. Of course, this has no reference to the power of the legislature to authorize an entry upon private property without compensation, for the purpose of making the preliminary examination and survey before the location of the road. These provisions are, that whenever any such corporation, as enumerated in the statute, is unable to agree with the owner as to the compensation to be paid for the lands sought to be appropriated, etc., such corporation may maintain an action in the circuit court of the proper county against such owner, for the purpose of having such lands appropriated to

its use and for determining the compensation to be paid to the owner.

The initiate of the proceeding lies exclusively with the corporation, and then only when the parties are unable to agree as to the compensation to be paid for the land sought to be appropriated. But when that fact is made to appear in the complaint, accompanied with a sufficient description of the land, the essential requirements of the statute in regard to the complaint have been complied with. The owner then may set up any legal defense to the appropriation of the land, or omitting such defense, may, as in the present case, aver the true value of the land, and the damages resulting from the appropriation thereof. It is then provided, "upon the motion of either party, before the formation of the jury, the court, upon the request of either party, shall order a view of the lands in question, and upon the return of the jury, the evidence of the parties may be heard and the verdict of the jury given. (Sec. 46, Misc. Laws, 534.) And now follows the provision in which is prescribed the kind of judgment which the court in such proceedings is authorized to render. It is as follows: "Upon payment into court of the damages assessed by the jury, the court shall give judgment appropriating the lands in question to the corporation, and thereafter such lands are the property of such corporation." This provision of the statute is explicit and in complete harmony with the constitutional provision before referred to, in requiring the payment of the damages assessed, the just compensation, before the corporation can acquire any legal rights to appropriate the land. The court is not authorized to give judgment of condemnation except upon payment into court of the damages assessed by the jury. Until that is done the corporation has no rights in the land, and cannot lawfully appropriate it. This "just compensation" must be first assessed and tendered—ascertained by the jury and paid into court—before the legal right to take the land under the judgment is complete. The right to render judgment is not absolute, but

conditional: it is upon the payment of the damages assessed by the jury that the judgment of condemnation is rendered, and the right of the corporation to appropriate the lands is complete. Nor can the court in such proceedings render any other or different judgment than the particular kind of judgment prescribed by the statute. It is a principle of law, sustained by numerous authorities, that whenever, in pursuance of any law, the property of an individual is to be divested against his will, there must be a strict compliance with all the provisions of the law authorizing such proceedings.

In *Gear* v. *The Dubuque and Sioux City Railway Co.*, 20 Iowa, 527, it was held, "that although the district court is a court of general jurisdiction (the same as here), yet so far as it acts in the matter of the condemnation of land for public use, it acts under a special statutory authority, and is clothed with no power in that particular to render any other judgment than such as the statute itself authorizes. Any judgment other or beyond that authorized by the statute would, therefore, be without authority, so far at least as it exceeded the power conferred by the statute." The reason of the principle is said to be, that such proceedings being out of the course of the common law, and in derogation of common right, it is essential that the statutory requisition should be strictly pursued. (*Rietenbaugh* v. *The Chester Valley Railroad Co.*, 21 Penn. St., 100.)

And in *Ellis* v. *The Pacific Railroad Co.*, 51 Mo., 203, the court say: "Authorities are not wanting in point of numbers or respectability which hold that *quoad* these summary proceedings, courts of general jurisdiction stand upon the same footing as those tribunals whose jurisdiction is special and limited." (See *Adams* v. *Saratoga and Wash. R. Co.*, 10 N. Y., 328.)

It is clear, from these authorities, that whenever it is proposed by legislative enactment to take private property for public use, a strict compliance with every essential requirement of the statute should characterize the proceeding. The

proceedings for condemnation simply fix the price at which, upon actual payment, the corporation may appropriate the property, and no other judgment than such as the statute authorizes can be rendered in the premises. Upon the payment of the damages assessed by the jury, one statute provides that "the court shall give judgment appropriating the lands in question to the corporation." This is the only judgment the court is authorized to render in such proceedings, and any other, therefore, would be without authority of law and a nullity.

In *The State, ex rel., Hayes v. Cincinnati and Indianapolis R. R. Co.*, 17 Ohio St. R., it was held that the court had *no jurisdiction* to proceed, on motion of the land-owners, to thereupon render a judgment, or order, for the payment by the corporation of the amount of the verdict, and that the finding of the jury not being complied with, the parties are *in statu quo*, as if no proceedings had ever been commenced. And in *Walther v. Warner, et al.*, 25 Mo., 286, it was decided that, in a proceeding of this character, instituted by a railroad corporation to obtain title to land upon which it had located its road, and against which a judgment was rendered for the damages assessed and an order transferring the title to the corporation, that actual payment of damages was essential to vesting of the title in the corporation, and also that a judgment against a private corporation is not sufficient. In *Gear v. The Dubuque and Sioux City R. R. Co.*, *supra*, it was held that a judgment assessing the amount of damages passes no title to the company before payment, and does not bind it to accept the lands and pay the amount assessed.

In *The Railway Co. v. Wilder*, 17 Kansas, 247, the court say: "The judgment simply determines the amount which the railway company shall pay to secure the right of way; it is in the nature of an award of damages, except, that as to costs, it may be in the ordinary form of a personal judgment; after the judgment the company may take the land or not, at its option. An owner of land would not want to take a judg-

ment against an irresponsible and insolvent railroad company as payment for his land, nor would a railway company want to pay an enormously excessive award for its right of way. Therefore, it is right that each should have some choice in the matter."

In *K. C. E. and S. R. R. Co.* v. *Russell*, 25 Kansas, 422, the court say: "The court attempted to authorize the collection of the damages by execution against the railroad company. This cannot be done. The judgment in such case should be in the nature of an award of damages, as is made by the condemnation commissioners." (See, also, *The Chicago and Milwaukee R. R. Co.* v. *Bull, supra.*; Mills on Eminent Domain, secs. 130 and 131; *Cook* v. *South Park Commissioners*, 61 Ill., 125.)

Now, in the case under consideration, the court undertook to render a judgment *in personam*, for the whole amount of damages claimed in favor of the land-owner, and at the same time, and without the payment of the damages as required by the statute, to adjudge the title of the land sought to be appropriated in the corporation. The authorities cited are unanimous that this was error. No such judgment is warranted by the law. The statute is explicit: it is only upon payment that the court is authorized to render any judgment whatever, and that is a judgment condemning the land to the use of the corporation. The payment precedes the legal right to appropriate, and renders it impossible in such proceeding to give judgment for the damages assessed, except upon payment as provided by law.

But in the case at hand, no reply was filed, nor jury called to assess the damages. Conceding, however, for the purpose of argument, the failure to reply was a legal admission of the amount of damages claimed, and of equivalent legal import to an assessment of damages by a jury, still the statutory requirement of payment remained, and must be complied with before the court would be authorized to render a judgment appropriating the land to the use of the corporation.

The fact that the land-owner may agree not to require payment in advance of the damages assessed, or waive its payment into court, according to the provisions of the statute, is a matter of his own concern, but by no means authorizes the court to render any judgment not warranted by the law in proceedings of this character. Let it then be granted that the admission upon the record is equivalent to an assessment of damages by a jury, still that does not obviate the necessity of a strict compliance with the statute, and authorize the court to render a judgment not within the purview or contemplated by its provisions. The land-owner might waive his damages and authorize the court to render judgment of condemnation, but he cannot authorize the court, in proceedings of this nature, to render a judgment *in personam* for damages assessed and at the same time a judgment appropriating the lands to the corporation. Such judgment is clearly not warranted by the statute. As was said in *Sherman* v. *Mil.*, *L. S. and Western R. Co.*, 40 Wis., 651, "there are two ways only by which a railroad company can lawfully enter into possession of land not acquired by purchase: upon making just compensation under its exercise of the right of eminent domain, or by permission of the owner. In the latter case, the owner waives compensation as a condition precedent, but not the compensation itself. He therefore assumes to himself the process of ascertaining the compensation which would otherwise have devolved upon the railroad company." Under our statute the initiative in the exercise of the right of eminent domain is clearly and exclusively put upon the corporations, and their use of land taken is made dependent upon previous payment of compensation ascertained by the process given. And if the corporation undertakes to appropriate lands without the consent of the owner, and without having ascertained and paid the compensation under the process given by the statute, the remedy of trespass or ejectment clearly lies. (1 Redfield on Law of Railways, 535; *Daniels* v. *R. R. Co.*, 35 Iowa, 129; *Sherman* v. *The Mil. L. S. and Western R'y*

*Co.*, 40 Wis., 645, and authorities cited; *Blisch* v. *The Chicago and Northwestern R. R. Co.*, 43 Wis., 192.) It follows from these views that the judgment of the court below must be reversed.

Judgment reversed.