Atchison, Topeka & Sante Fe Railway Company, Appellant, v. Marjorie Klepfer Hough et al., Appellees.

### Gen. No. 5334.

1. Costs—*how statute pertaining to imposition of, construed.*  Statutes which impose costs are to be strictly construed.

2. Costs—*fees of guardian ad litem in proceedings to condemn.*  The reasonable compensation of a guardian in protecting the interests of a minor made defendant in an eminent domain proceeding is properly taxed against the petitioner.

3. Eminent domain—*character of proceeding.*  A proceeding to condemn is not an action at law, nor yet a proceeding in chancery, but belongs to the class of actions known as special statutory proceedings.

Condemnation proceeding.  Appeal from the Circuit Court of Peoria county; the Hon. N. E. Worthington, Judge, presiding.  Heard in this court at the April term, 1910.  Affirmed.  Opinion filed October 18, 1910.

Stevens, Miller & Elliott, for appellant; Robert Dunlap, of counsel.

Frank J. Quinn, for appellees; Shelton F. McGrath, of counsel.

Mr. Justice Dibell delivered the opinion of the court.

Appellant filed a petition in the court below to condemn several small pieces of real estate adjoining its right of way, for additional track room and for use as a borrow pit to take therefrom earth, gravel, stone and other materials.

Among those pieces was one owned by three minor children of John R. Hough, in which land he had an estate entitling him to the possession of the land till his youngest child reached her majority. He was their testamentary guardian, but his interests were adverse to theirs and therefore appellant asked for and obtained the appointment of Frank J. Quinn as a guardian *ad litem*. Upon the trial there was allowed to the minors $642.50 for the land taken and $500 for damages to the land not taken, to be diminished in the sum of $250 to be paid to said John B. Hough for his interest. After final judgment in favor of the respective parties, which required petitioner to pay the costs of the proceeding, to be taxed by the clerk, the guardian *ad litem* petitioned the court to allow him a reasonable fee for his services, to be taxed as costs. There was a hearing of said petition and an allowance of $125 as a reasonable guardian *ad litem* fee for services rendered said minor defendants, and it was ordered that said allowance be taxed as costs. From that order the railway company appeals. At the hearing of the application there was no proof what services the guardian *ad litem* had rendered, because it was stipulated that if the minor defendants were entitled to an allowance for the fees of a guardian *ad litem* in the cause, to be taxed as costs against the railway company, the sum of $125 was not an unreasonable allowance for such service. The railway company now complains that it is thereby made to pay the attorney's fees for the minors. This claim is not supported by the record. There is no proof that Quinn acted as their attorney. There was no request that attorney's fees be allowed. While the sum allowed seems very large for a guardian *ad litem,* and may, in fact, have been intended to cover attorney's fees, the stipulation prevented proof of the time the trial occupied or what services the guardian *ad litem* rendered, and we cannot know that the trial was not so protracted that the award was reasonable. Under the stipulation that this was a reasonable allowance for the fees of a guardian *ad litem,* we are called upon to determine only whether the proper fees of a guardian *ad*

*litem* for minor landowners may be taxed as costs against the petitioner in a condemnation suit.

The Eminent Domain Act contains no provision for the payment of the costs by the petitioner, except where the petitioner dismisses his petition or fails to pay the compensation awarded within the time fixed by the court. It is, however, settled in this State that the just compensation which the constitution requires shall be paid for private property taken for public use would not be paid if the petitioner did not pay the costs of the proceeding. C. & M. R. R. Co. v. Bull, 20 Ill. 218; C. & N. W. Ry. Co. v. City of Chicago, 148 Ill. 141, 151; Epling v. Dickson, 170 Ill. 329. Therefore if these fees of the guardian *ad litem* are taxable as costs in this case, the petitioner must pay them. Statutes which impose costs, are, however, to be construed strictly. Gehrke v. Gehrke, 190 Ill. 166. Nothing can be allowed and taxed as costs by the clerk or by the court, except such items of costs as are designated by the statute. Section 6 of the Chancery Act provides for a guardian *ad litem* in chancery cases, and requires the court to allow him a reasonable sum for his charges to be taxed in the bill of costs. Appellees contend that this is a chancery proceeding and therefore governed by that provision. The only respect in which a proceeding to condemn under the Eminent Domain Act bears any resemblance to a chancery cause is that by section 4 of said Act the service of summons and the publication of notice is required to be made as in cases in chancery. We do not regard this as either a chancery suit or an action at common law, but as a special statutory proceeding. Chapter 64 of the Revised Statutes relates to the subject of Guardians and Wards. Section 18 thereof requires a guardian to appear for and represent his ward in all legal suits and proceedings, unless another person is appointed for that purpose as guardian or next friend, and provides that nothing in that Act shall impair the power of any court to appoint a guardian to defend the interest of a minor impleaded in such court. Blackstone says, Book 3, star page 427, that the power to appoint a guardian *ad litem* to manage the defense of an infant if

a suit be commenced against him, is one which is incident to the jurisdiction of every court of justice. Section 42 of the Act relating to Guardians and Wards provides that guardians shall be allowed such fees and compensation for their services as shall seem reasonable and just to the court. A guardian *ad litem* does not have the custody of the person of the minor nor of his estate, but he is a guardian to protect the interests of the minor in the case in which he is appointed, and to see that those interests are properly presented to the court. As to that suit, he performs the same duties which the regular guardian would perform if he should appear therein. Inasmuch as the statute referred to enacts that a guardian shall be paid reasonable fees or compensation to be fixed by the court, and as a guardian in a suit performs the duties of a guardian so far as relates to that suit, we are of the opinion that the court which appoints the guardian *ad litem* has power to fix his compensation for that suit. Why then should it not be taxed as costs in that case? These minor defendants were not seeking any relief. They owed no debt and had incurred no liability which was therein sought to be enforced against them. The only party to be benefited was the railway company, which desired to take their land against their will. We are of opinion that it is within the spirit of the cases above cited wherein it was held that the petitioner under the Eminent Domain statute must pay the costs, though that statute does not explicitly so provide, to hold that the fees of the guardian *ad litem* in such a cause should be taxed as costs. We concede that the question is not free from doubt, but the decision of the court below seems to us most in harmony with the course of legislation and decision in this State.

The order is therefore affirmed.

*Affirmed.*