(January 16, 1912.)

# BIG LOST RIVER IRRIGATION COMPANY, Appellant, v. CHARLES C. DAVIDSON and ELIZA E. DAVIDSON, His Wife, Respondents.

[121 Pac. 88.]

EMINENT DOMAIN—CONDEMNATION—PROCEDURE—FORM OF VERDICT OF JURY ASSESSING DAMAGES—JUDGMENT FOR DAMAGES—JUDGMENT OF CONFIRMATION—DESCRIPTION OF LAND.

(Syllabus by the court.)

1. Under the provisions of sec. 14, art. 1 of the constitution of this state, private property may be taken for public use, after just compensation has been ascertained and paid in a manner prescribed by law, and this section limits the power of the legislature in providing the proceedings for the taking of such property, in that before such property is taken a just compensation must first be ascertained and payment made.

2. Under the provisions of sec. 5220 of the Rev. Codes, it is the duty of the court, jury or referee before whom a hearing is had to ascertain and assess the damages under the provisions of this section, and to make findings upon each of the elements of damages as described in this section; that is, if the entire tract of land is sought to be taken by the condemnation proceedings, the court, jury or referee is required to find, first, the value of the property sought to be condemned and all improvements thereon appertaining to the realty, and of each and every separate estate or interest therein, and if it consists of different parcels, the value of each parcel and each estate or interest therein shall be separately assessed; second, if the property sought to be condemned constitutes only a part of a larger parcel, the jury must also find the damages which will accrue to the portion not sought to be condemned by reason of the severance from the portion sought to be condemned; and third, if the property sought to be condemned constitutes a part of a larger parcel, the benefits that will accrue to the remaining portion after the severance of the part condemned; and in assessing such damages, if the benefits shall be less than the damages so assessed, then in fixing such damages the benefits should be deducted from the damages assessed.

3. Under the provisions of sec. 5220, Rev. Codes, it is not necessary that the jury find the value of each legal subdivision of the tract sought to be condemned. If, however, there is more than one parcel of land, or several separate parcels or tracts, each separated

from the other, then it is necessary for the jury to determine the value of each separate tract or parcel. But where the tract is a single or consolidated tract, the value may be fixed as a single parcel or tract. Parcel or tract of land as used in this section does not mean legal subdivision, but does mean a consolidated or single tract.

4. Under the provisions of sec. 5220, in assessing and determining the value of the land sought to be condemned, the improvements appertaining to the land sought to be condemned are assessed as a part of the realty, and the finding of the value of the realty includes the improvements.

5. Upon damages being assessed by the court, jury or referee, under the provisions of Rev. Codes, sec. 5220, a judgment should be rendered by the court in the common, ordinary form for the recovery of money in favor of the defendant against the plaintiff, where damages are allowed, and such judgment is the final judgment mentioned in sec. 5223 of the Rev. Codes, and is a judgment *in personam* against the plaintiff for such damages.

6. Under the provisions of sec. 5223 of the Rev. Codes, the plaintiff is required to pay the final judgment entered for damages assessed under the provisions of sec. 5220, within thirty days after such judgment is entered.

7. By the provisions of sec. 5224 of the Rev. Codes, payment of the judgment entered under the provisions of sec. 5223 may be made or deposited in court, and if not so paid or deposited, an execution may issue as in civil cases.

8. Under the provisions of sec. 5225 of the Rev. Codes, when payments have been made as provided in secs. 5223 and 5224, the court may make a final order or judgment of condemnation, and such judgment is required to describe the property condemned and the purposes of such condemnation.

9. Under the provisions of secs. 5223, 5224 and 5225, two judgments are to be entered by the court in which eminent domain proceedings are tried; the first in favor of defendant for the damages as assessed under the provisions of Rev. Codes, sec. 5220, and the second in favor of plaintiff for condemnation of the property after the first judgment is paid, and the second judgment should describe the property and the purposes for which the same is condemned.

10. By the various provisions of the eminent domain act of this state, it was intended that where proceedings are prosecuted for the purpose of condemning private property for public use, and the value of such property has been assessed and determined in the manner provided by the statute, that the plaintiff should not be left to his own discretion as to whether or not he will pay such judgment, and leave the defendant's property charged with a liability to be taken

at the will or convenience of the plaintiff, and to guard against such possible condition, the legislature provided for a personal judgment and for means by which the same can be enforced; and that the plaintiff is not at liberty or privileged to abandon such proceedings, whether in or out of possession of the property, and leave the defendant without a remedy.

11.   Under the constitution of this state and the procedure provided by the statute of eminent domain, proceedings must be substantially in accordance with the statute, and the plaintiff or person or corporation seeking to condemn and acquire title to private property for public use must pay a just compensation; that is, if the parties cannot agree upon the value of the property sought to be taken or condemned for public use, such person or corporation desiring such property for public use must proceed in the manner provided by the statute to have the value of the property sought to be taken fixed and assessed, and must pay such assessment before the property can be condemned or taken, or any rights whatever acquired by the plaintiff in the condemnation proceedings.

12.   In proceedings under the eminent domain statute, where there are several separate parcels or tracts of land, and the jury in assessing the damages sustained by the owner of such land finds the damages to be of an aggregate value, and does not designate in such verdict the value of the land taken in each several parcel, and no objections are made to the form of the verdict upon its return, and a motion for a new trial is not made on the ground that the verdict of the jury was insufficient because they did not find or assess damages for each several tract taken, and the trial court has not had an opportunity of passing upon or determining the sufficiency of such verdict, and the sufficiency of such verdict has in no way been presented to the trial court, this court will not reverse the judgment entered upon the ground that the verdict is insufficient when the objection is raised for the first time in this court.

APPEAL from the District Court of the Sixth Judicial District for Bingham County.   Hon. J. M. Stevens, Judge.

Action to condemn property for public use.   Judgment for defendants.   Plaintiff appealed.   *Affirmed.*

Richards & Haga, and Hansbrough & Gagon, for Appellant.

An unconditional personal judgment in eminent domain proceedings should not be entered against the condemnor, but

such judgment should be conditional, condemning the land to
the condemnor's use upon payment of the sum awarded.
(*Madera County v. Raymond Granite Co.,* 139 Cal. 128, 72
Pac. 915; *McCall v. Marion County,* 43 Or. 536, 73 Pac. 1030,
75 Pac. 140; *Florence E. D. & W. V. Ry. Co. v. Lilley,* 3 Kan.
App. 588, 43 Pac. 857; *Port Townsend So. Ry. Co. v. Barbare,*
46 Wash. 275, 89 Pac. 710; *Dolores No. 2 Land & Canal Co.
v. Hartman,* 17 Colo. 138, 29 Pac. 378; *Oregon Ry. Co. v.
Bridwell,* 11 Or. 282, 3 Pac. 684; *Oregonian Ry. Co. v. Hill,*
9 Or. 377; *City of Bloomington v. Miller,* 84 Ill. 621; *Evans-
ville & Crawfordsville Ry. Co. v. Miller,* 30 Ind. 209.)

The condemnor, if dissatisfied with the verdict, may elect
to abandon the proceedings, but, in the case at bar, the un-
conditional personal judgment entered against appellant de-
prives it of its right to abandon the project upon payment
of the costs incurred. (*Mason City & Ft. Dodge Ry. Co. v.
Boynton,* 158 Fed. 599, 85 C. C. A. 421; *Dolores No. 2 Land
& Canal Co. v. Hartman, supra; City of Bloomington v. Mil-
ler, supra; Florence E. D. & W. V. Ry. Co. v. Lilley, supra.*)

The verdict in condemnation proceedings should definitely
describe the land for which damages are awarded. (*Denver
& R. G. Ry. Co. v. Stark,* 16 Colo. 291, 26 Pac. 779; *Norris v.
City of Pueblo,* 12 Colo. App. 290, 55 Pac. 747; *Larned Mer-
cantile etc. Co. v. Omaha H. & G. Ry. Co.,* 56 Kan. 174, 42
Pac. 712; *C. & N. W. Ry. Co. v. Chicago,* 132 Ill. 372, 23 N.
E. 1036; 7 Ency. of Pl. & Pr. 584–621; 15 Cyc. 881; *Vail v. M.
& E. Ry. Co.,* 21 N. J. L. 189; *London v. Sample Lumber Co.,*
91 Ala. 606, 8 So. 281.)

The judgment in condemnation proceedings should defi-
nitely describe the land for which damages are awarded so
that the parties and any ministerial officer who may be called
on to enforce the judgment may know what land is to be
taken and paid for. (*San Francisco & S. J. Co. v. Gould,*
122 Cal. 601, 55 Pac. 411; *Railway Co. v. Hooper,* 76 Cal. 404,
18 Pac. 599; *C. & N. W. Ry. Co. v. Chicago, supra; Beal v.
Railroad Co.,* 136 N. C. 298, 48 S. E. 674; 7 Ency. of Pl. &
Pr. 621; *Madera County v. Raymond Granite Co., supra.*)

In condemnation proceedings both parties are entitled to have the compensation to be paid ascertained and assessed according to law; and where the statute prescribes the manner of ascertaining damages, and that each source of damage must be separately assessed, the statute must be strictly followed. (Sec. 5220, Rev. Codes; *Butte County v. Boydston,* 64 Cal. 110, 29 Pac. 511; *Robinson v. Robinson,* 62 Ky. 163; *Detroit v. More,* 76 Mich. 515, 43 N. W. 600; *Rock Island etc. Ry. Co. v. Lynch,* 23 Ill. 645; *Harvey v. Lackawanna Ry. Co.,* 47 Pa. 428.)

Hawley, Puckett & Hawley, for Respondents.

While it was the duty of the jury to consider all of the effects, the proposed appropriation on each tract of land affected, together with improvements thereon, etc., they were not required to itemize and separately state the damage in their verdict; to award the sum in gross to cover all the damage to all of the several tracts was sufficient. (*American Cannel etc. Co. v. Huntington T. C. & C. R. Co.,* 130 Ind. 98, 29 N. E. 566; *Louisville Ry. & Nav. Co. v. Kohn,* 116 La. 159, 40 So. 602.)

The fact that the jury awarded the damages in one sum is a matter of which the plaintiff has no right to complain in the absence of demand to the contrary. (*Chicago M. & St. Paul Ry. Co. v. Baker,* 102 Mo. 553, 15 S. W. 64.)

The finding of both the value of the land and damages in one sum is sufficient in the absence of a statute specifically requiring each item to be ascertained and set forth separately. (*Packer v. Bergen Neck Ry. Co.,* 54 N. J. L. 553, 25 Atl. 506.)

Under a statute identically the same as sec. 5220·of our Revised Codes, under which this action was prosecuted, it was held "that the statute requires the value of the land or property to be taken and all improvements thereof, pertaining to the realty to be valued, but does not require the improvements to be assessed separately from the land." (*Tehama Co. v. Bryan,* 68 Cal. 57, 8 Pac. 673.)

A personal judgment was proper in this case in the event that the evidence showed that the appellant was in possession of the property, and the court in rendering a personal judgment evidently did so by reason of the fact that the evidence did show that the appellant had taken possession of the property, and it will be presumed that the personal judgment was given for that reason in the absence of a showing to the contrary. (*Cook v. South Park Com.,* 61 Ill. 115; *Rockford etc. Ry. Co. v. Coppinger,* 66 Ill. 510; *St. Louis etc. Co. v. Teters,* 68 Ill. 144; *Peoria & R. I. R. R. v. Mitchell,* 74 Ill. 394; *Bellingham Bay etc. Co. v. Strand,* 14 Wash. 144, 44 Pac. 140, 46 Pac. 238.)

STEWART, C. J.—This action was brought by appellant to condemn 861.45 acres of land as a right of way for a dam and reservoir site. The complaint is in the ordinary form and states all the facts required by Rev. Codes, sec. 5216. Respondents admit in their answer that the land described in the plaintiff's complaint is necessary for the proper and convenient construction of the dam and reservoir mentioned in the complaint and the permanent flooding occasioned thereby, and also admit and allege as an affirmative defense that respondents are the owners and in possession of the northwest quarter of the southeast quarter and the northeast quarter of the southwest quarter of section 5, township 7 north of range 25, east of Boise meridian, containing eighty acres in area, and that said eighty acres will also be required and taken by the flooding of the same in the construction of the dam proposed on the land sought to be condemned.

To the affirmative matter thus alleged in the answer there seems to have been no reply by the appellant. It will thus be seen that the only issue presented in the pleadings was the value of the land to be taken. The right to take the land described in the complaint and the necessity for such taking is admitted by the answer, and the description of the land as alleged in the complaint is also admitted by the answer, and the allegation in the answer as to the necessity for taking eighty additional acres is not denied or put in

issue, and therefore must have been admitted by the appellant, leaving for determination the value of the land described in the pleadings as the only issue to be determined in said cause. A jury was called and a verdict rendered by the jury in the following form:

"We, the jury duly sworn and impaneled in the above-entitled action, find for the defendants and assess defendants' damages in the sum of $55,593." Upon this verdict the trial court entered the following judgment:

"This cause came on regularly for trial. The said parties appeared by their attorneys. A jury of twelve persons was regularly impaneled and sworn to try said cause. Witnesses on the part of plaintiff and defendant were sworn and examined. After hearing evidence, the argument of counsel and instructions of the court, the jury retired to consider their verdict, and subsequently returned into court and being called, answer to their names and say they find a verdict for the defendant.

"Wherefore, by virtue of the law, and by reason of the premises aforesaid, it is ordered, adjudged and decreed that the said defendants have and recover from said plaintiff the sum of Fifty-five Thousand Five Hundred Ninety-three Dollars, with interest thereon at the rate of seven per cent per annum from the date hereof until paid, together with said defendants' costs and disbursements incurred in this action, amounting to the sum of ——— Dollars."

From this judgment this appeal was taken. The transcript contains the complaint and answer upon which the case was tried, and the verdict of the jury and the judgment.

Four errors are assigned: First, that the court erred in entering an unconditional personal judgment against the appellant. Second, the court erred in entering a judgment which failed to describe the land for which damages had been assessed, and which failed to show whether the damages or compensation assessed included only the land described in the complaint or whether it also included the land described in the answer, which appellant contended it did not require. Third, the court erred in condemning the land to appellant's

use upon payment of the sum awarded.  Fourth, the court erred in entering judgment upon a verdict in direct contravention of the statutes, and which was erroneous for the following reasons: (a) It did not describe the land.  (b) The award was in a lump sum.  (c) Each source of compensation or damages was not separately assessed as required by sec. 5220 of the Rev. Codes.  (d) It did not show what was allowed for the improvements situated on the premises and alleged to be of the value of $2,500.  (e) It did not show what compensation or damage was allowed for the forty acres described, which respondents contend had a special value.  (f) It did not show the compensation or damage allowed for the remaining 901.45 acres of land alleged to be of the value of $75 per acre, and constituting several tracts.  (g) The verdict does not show whether the jury found that the appellant would damage or acquire for right of way the additional eighty acres of land owned by the respondents, and which they allege in their answer would be flooded by the reservoir. And the verdict does not show what damages, if any, were assessed against appellant on account of said land.

The evidence and the instructions of the trial court are not contained in the transcript, and much of the argument made by counsel for appellant is answered by the verdict of the jury upon the evidence, and the presumption is that the court fully advised the jury as to their duties in finding a verdict in such case.  It is first contended by counsel for appellant that in a proceeding for the condemnation of property for public use under the eminent domain provisions of the statute, a personal judgment cannot be rendered against the plaintiff, and that the verdict of the jury must in form show that the jury found upon each of the questions covered by sec. 5220 of the Rev. Codes.  The consideration of such question involves the procedure under the eminent domain statute of the state enacted for the purpose of carrying out the provisions of the constitution.  Sec. 14, art. 1 of the constitution provides:

"The necessary use of lands for the construction of reservoirs or storage basins, for the purpose of irrigation, or for

the rights of way for the construction of canals, ditches, flumes or pipes to convey water to the place of use, for any useful, beneficial or necessary purpose, or for drainage; or for the drainage of mines, or the working thereof, by means of roads, railroads, tramways, cuts, tunnels, shafts, hoisting works, dumps, or other necessary means to their complete development or any other use necessary to the complete development of the material resources of the state or the preservation of the health of its inhabitants, is hereby declared to be a public use, and subject to the regulation and control of the state.

"Private property may be taken for public use, but not until a just compensation, to be ascertained in a manner prescribed by law, shall be paid therefor."

It will thus be seen that under the provisions of the constitution private property may be taken for public use, but not until just compensation, ascertained in a manner prescribed by law, shall be paid therefor. This provision of the constitution limits the power of the legislature in providing the proceedings for the taking of private property for public use, in that before such property can be so taken a just compensation must be first ascertained and the payment therefor made. (*Portneuf Irr. Co., Ltd., v. Budge*, 16 Ida. 116, 18 Ann. Cas. 674, 100 Pac. 1046; *Knowles v. New Sweden Irr. Dist.*, 16 Ida. 217, 101 Pac. 81; *Pyle v. Woods*, 18 Ida. 674, 111 Pac. 746; *Idaho & Western Ry. Co. v. Columbia Conference etc.*, 20 Ida. 568, 119 Pac. 60; *Bensley v. Mountain Lake Water Co.*, 13 Cal. 306, 73 Am. Dec. 575; *Cook v. South Park Commrs.*, 61 Ill. 120; *Chicago & Mil. R. R. Co. v. Bull*, 20 Ill. 218; *Johnson v. Joliet & C. R. R. Co.*, 23 Ill. 203; *Shute v. Chicago & Mil. R. R. Co.*, 26 Ill. 436; Mills on Eminent Domain, sec. 89.)

To carry out and give effect to the provisions of the constitution, the legislature has provided the procedure for exercising the constitutional right thus conferred, describing the uses for which private property may be taken and the estates and rights that may be taken, and what property may be taken and what must appear to authorize such condemnation,

and for surveys, and the jurisdiction of the court. Then follows the complaint which is to be filed in the court having jurisdiction of such matters, and what such complaint shall contain; and upon the filing of such complaint that a summons may be issued, and granting the right to all persons, in occupation of or having or claiming an interest in any of the property described in the complaint, or in the damages for the taking thereof, though not named, to appear, plead and defend in respect to his own property or interest, or that claimed by him, in like manner as if named in the complaint. Then the powers of the court are prescribed; then follows sec. 5220 of the Rev. Codes, which provides:

"The court, jury or referee must hear such legal testimony as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess:

"1. The value of the property sought to be condemned, and all improvements thereon pertaining to the realty, and of each and every separate estate or interest therein; if it consists of different parcels, the value of each parcel and each estate or interest therein shall be separately assessed.

"2. If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff;

"3. Separately, how much the portion not sought to be condemned, and each estate or interest therein, will be specially and directly benefited, if at all, by the construction of the improvement proposed by the plaintiff; and if the benefit shall be equal to the damages assessed, under subdivision 2, the owner of the parcel shall be allowed no compensation except the value of the portion taken; but if the benefit shall be less than the damages so assessed, the former shall be deducted from the latter, and the remainder shall be the only damages allowed in addition to the value;

"4. If the property sought to be condemned be for a railroad, the cost of good and sufficient fences along the line of

such railroad, and the cost of cattle-guards where fences may cross the line of such railroad;

"5. As far as practicable, compensation must be assessed for each source of damages separately."

This section of·the statute names the different elements of compensation to which the owner of land is˙entitled where his land, or any part of it, is sought to be taken for a public use, and it is the duty of the court, jury or referee before whom such hearing is had to ascertain and assess the damages according to the direction of the statute. (*Idaho & Western Ry. Co. v. Columbia Conference etc.*, 20 Ida. 568, 119 Pac. 60; *Butte County v. Boydston*, 64 Cal. 110, 29 Pac. 511; *Oregonian Ry. Co. v. Hill*, 9 Or. 377.)    And if the cause is tried to the court or referee, the findings should so state, and if the assessment of damages is submitted to a jury,· then the form of verdict of the jury should·show the finding upon each of these elements of damages described in this section; that is, first the value of the property sought to be condemned and all improvements thereon pertaining to the realty, and of each and every separate estate or interest therein, and if it consists of different parcels, the value of each parcel and each estate therein shall be assessed; second, if the property sought to be condemned constitutes only a part of a larger parcel, the jury must also find the damages which will accrue to the portion not sought to be condemned by reason of the severance from the portion sought to be condemned; and, third, if the property sought to be condemned constitutes a part of a larger parcel, the benefits that will accrue to the remaining portion after the severance of the part condemned, and in assessing such damages, if the benefits shall be less than the damages so assessed, then in fixing such· damages the benefits will be deducted from the damages assessed.    (*Idaho & Western Ry. Co. v. Columbia Conference etc., supra.*)

The appellant sought to condemn certain lands described in the complaint, and the answer of defendant admits that it was necessary to condemn the lands thus described for the purposes intended by the appellant, and that it was necessary to take, and therefore necessary to condemn, eighty additional

acres described in the answer. The only damage then to be ascertained was the value of the property taken, including the improvements. The improvements were part of the realty, and the jury were called upon to assess the land and the improvements together. In the case of *Tehama County v. Bryan,* 68 Cal. 57, 8 Pac. 673, the supreme court of California, in a condemnation proceeding, held that a verdict of a jury as follows: "We, the jury, find damages: on the roadbed $41.25; on eighteen panels, $30. Total, $71.25," was sufficient under a statute almost the same as Rev. Codes, sec. 5221. The verdict in that case was in response to an inquiry propounded to them as follows: "Upon the twenty-third day of August, 1883, what was the value of the property of the defendant sought to be condemned,—that is to say, of the land of defendant situated and embraced in the right of way sought to be obtained, and the value of all improvements thereon pertaining to the realty." The court said:

"The question was placed before the jury in proper form, and while the answer does not expressly say the damages found are the sum of that value, we think the inference to be deduced from the answer is, that they found the value of the land to be $41.25 and the improvements $30, making a total of $71.25.

"The statute requires the value of the land or property to be taken, and all improvements thereon pertaining to the realty to be valued, but does not require the improvements be assessed separately from the land, and if we discard the whole answer of the jury except the final summing up of 'total $71.25,' it would, we think, be in form sufficient."

Under the provisions of the statute it was not necessary that the jury should find the value of each legal subdivision of the tract sought to be condemned. If, however, there is more than one parcel of land, or several separate parcels or tracts, each separated from the other, then it is necessary for the jury to determine the value of each separate tract or parcel. But where the tract is a single or consolidated tract, the value then may be fixed as a single parcel or tract. Parcel or tract of land, as used in this section, does not mean legal

subdivision, but a consolidated body of land, and the finding of the jury may be upon each single parcel or tract of land.

Under the pleadings in this case it is admitted that the several tracts or parcels of land described in the complaint and answer are necessary for the use for which the same is sought to be condemned, and the evidence not appearing in the record, the court will presume that evidence was introduced showing the value of each separate tract or parcel of land described, and in the absence of the instructions which are not in the record, it will be presumed that the court correctly instructed the jury and told them that in determining the question of value they should separately assess and determine each different parcel. In returning the verdict, however, the jury seems to have found the aggregate value of the several parcels or tracts of land, and to have included therein the value assessed by them upon each separate parcel. This, of course, is not in accordance with the requirements of the statute, and it would have been better and more in conformity with the statute to have found separately the value of each separate parcel, and the aggregate value of the damages for the several parcels. When said verdict was returned, the appellant made no objections to the form of the verdict, or in any way called the trial court's attention to the fact that the verdict was not in conformity with the form required by the statute, and the insufficiency of the verdict was in no way called to the attention of the trial court. A motion for a new trial was not made in this case, and the informality of the verdict was not called to the attention of the trial court in that manner, and the trial court has not had an opportunity to determine this matter; we think, under the authorities and the decisions of this court, that appellant waived any objections to the form of the verdict, and cannot present the matter for the first time in this court. (*Fox v. West,* 1 Ida. 782; *Watson v. Molden,* 10 Ida. 570, 79 Pac. 503; *Smith v. Sterling,* 1 Ida. 128; *Gamble v. Dunwell,* 1 Ida. 268; *Medbury v. Maloney,* 12 Ida. 634, 88 Pac. 81; *Steve v. Bonners Ferry Lumber Co.,* 13 Ida. 384, 92 Pac. 363.) It was not necessary to find upon the other two elements of damages

provided for in the section of the statute, because the property sought to be condemned was not a part of a larger parcel, and therefore there were no damages to a portion of such land not sought to be condemned; neither were there any benefits which would accrue to any portion of the land not taken.

It is next contended that the court erred in not describing the land in the judgment and in not determining whether the valuation included the land described in the complaint or whether it also included the land described in the answer. The statute does not provide the form of judgment to be entered for the damages fixed and assessed by either the court, jury or referee, under the provisions of sec. 5220, but under that section of the statute there could be but one form of judgment, and that would be a common, ordinary form of judgment for the recovery of money, the amount determined by the court, jury or referee, and that is the final judgment mentioned in sec. 5223 of the Rev. Codes, and is a judgment *in personam* against the plaintiff, and upon which an execution may issue as provided by sec. 5224 of the statute. Sec. 5223 of the Rev. Codes provides: ''The plaintiff must, within thirty days after final judgment pay the sum of money assessed.'' The remaining portion of this section applies only to railroads, but the portion above quoted applies to all judgments rendered for damages as provided by sec. 5220, and the final judgment therein referred to is the judgment for the recovery by the defendant from the plaintiff of the damages sustained by the defendant by reason of the condemnation proceedings. This construction of this section of the statute we think is clearly warranted by the provisions of sec. 5224, wherein it is provided, ''payment may be made to the defendants entitled thereto, or the money may be deposited in court for the defendants, and be distributed to those entitled thereto. If the money be not so paid or deposited, the defendants may have execution as in civil cases; and if the money cannot be made on execution, the court, upon a showing to that effect, must set aside and annul the entire proceedings, and restore possession of the property to the defendant, if possession has been taken by the plaintiff.'' It

will be seen that after a final judgment has been entered the plaintiff has thirty days within which to pay the same, and if payment is not made then execution may issue as in civil cases. (*Glenn County v. Johnston*, 129 Cal. 404, 62 Pac. 66; *County of Madera v. Raymond G. Co.*, 139 Cal. 128, 72 Pac. 915.) Rev. Codes, sec. 4473, provides that when the judgment is for money or the possession of real or personal property, the same may be enforced by writ of execution.

There would be no reason for the provisions found in sec. 5224, providing for an execution, if there was to be no judgment entered for the damages assessed, either by the court, jury or referee. The very fact that an execution is authorized to be issued presupposes and presumes that an entry of a personal judgment for the damages assessed will be entered, upon which such execution is to be issued. Under the provisions of sec. 5225 of the Rev. Codes, when payments have been made, as provided in secs. 5223 and 5224, and the bond given, if the plaintiff elects to give one as required by the last two sections, the court must make a final order of condemnation which must describe the property condemned and the purpose of such condemnation; that is, when the judgment for damages assessed, either by the court, jury or referee, has been paid, and if it be a railroad the bond given, as provided in sec. 5223, the court then makes a final order or judgment of condemnation, and in such judgment describes the property condemned and the purpose of such condemnation. Under the provisions of secs. 5223, 5224 and 5225, there are two judgments to be entered by the trial court; the first in favor of defendant for damages as assessed under the provisions of Rev. Codes, sec. 5220, and the second in favor of plaintiff for condemnation, describing the property and the purpose of condemnation, entered after the payment of the first judgment, as prescribed under sec. 5225.

As was said by the supreme court of California in discussing sections of the California statute, which are identical with sections of the statute of this state, and now under consideration: "But the provisions we have quoted from said section requiring payment within thirty days after 'final judg-

ment,' and the provisions of sec. 1252, are general and apply to all cases, and were so treated in *San Diego etc. Co. v. Neale*, 78 Cal. 80, 82, 20 Pac. 380, and *Butte County v. Boydston*, 64 Cal. 110, 29 Pac. 511. It is also true that after payment of the damages and compensation awarded by the judgment the court is required to make 'a final order of condemnation'; but that is an order after judgment and is not the 'final judgment' mentioned in section 1251 of the Code of Civil Procedure. (*California etc. R. R. Co. v. Southern Pac. R. R. Co.*, 67 Cal. 63, 7 Pac. 123.) It was not intended that any plaintiff, whether a private corporation, or the state, or a county, should prosecute a proceeding in eminent domain to a judgment of condemnation, and fail or refuse altogether, or for an indefinite time, to pay the judgment, and leave the defendant's property charged with a liability to be taken, and such judgment to be paid or not at the option or convenience of the plaintiff.''

The character of judgment to be entered for the damages does not depend upon the question whether the plaintiff has taken possession, before the damages are assessed, for it is provided in sec. 5224, if the money be not so paid or deposited, that is, if the valuation fixed by the court, jury or referee is not paid or deposited within thirty days after the judgment for the same has been entered, the defendants may have execution as in civil cases, and if the money cannot be made on execution, and such fact is shown to the court, the court is required to set aside and annul the entire proceedings and restore possession of the property to the defendant, if possession has been taken by the plaintiff. From this language of the statute it is apparent that the legislature intended that where proceedings are prosecuted for the purpose of condemning private property for public use, and the value of such property has been assessed and determined in the manner provided by the statute, the plaintiff is not left to his own discretion as to whether or not he will pay such judgment and leave the defendant's property charged with a liability to be taken, and the judgment paid at the will or convenience of the plaintiff, and to guard against such possible

condition the legislature provided for a personal judgment and for means by which the same could be enforced, and that the plaintiff is not at liberty or privileged to abandon such proceedings, whether in or out of possession of the property, and leave the defendant with an empty bag and no remedy to fill it. Under the statute, if the value of the property is not paid within thirty days, the defendant is given the right to enforce its payment by execution as in civil cases, and if it cannot be collected in that manner, then the court is authorized and empowered to annul the proceedings and restore the defendant to possession.

It was also argued upon this appeal that the trial court erred in not stating in the judgment that the value fixed and determined by the jury was for the land described in the complaint, if that were the fact, or if it also included the land described in the answer, such land should also be described; but under the pleadings it appears that the lands described in the complaint and answer are necessary for plaintiff's use, and as heretofore stated the judgment was for damages only. It was, therefore, not required of the court to describe the property upon which damages were assessed in the judgment for damages as entered in this case, as such description is only required to be made in the final order of condemnation to be entered as directed by sec. 5225, *supra.* The exercise of eminent domain is purely a matter of statutory regulation. The constitution provides for the taking of private property for public use, and grants to the legislature the power to regulate the procedure in eminent domain proceedings, and the statutes to which we have referred clearly point out the procedure as herein discussed. The statutes of many states from which citations have been made in support of the proposition that in eminent domain proceedings a personal judgment cannot be rendered for the damages assessed are different from the provisions of the statutes of our state, and the decisions of those states are based upon the statutes of the respective states, and hence are not controlling in this state where we have different statutory provisions. The leading cases which counsel for appellant have cited from Oregon,

Colorado, Ohio, Kansas and Washington, all indicate very clearly that the statutes of those states are very different from the statutes of this state.   One of the cases relied upon by the appellant, and in which the general rule of all is stated, is that of *Oregonian Ry. Co. v. Hill,* 9 Or. 377, which discusses the question very clearly and collates a great many authorities upon this particular point, and in that case the court quotes the statute of that state as follows: ''Upon payment into court of the damages assessed by the jury, the court shall give judgment appropriating the lands in question to the corporation, and thereafter such lands are the property of such corporation,'' and commenting on this provision of the statute says: ''This provision of the statute is explicit and in complete harmony with the constitutional provision before referred to, in requiring the payment of the damages assessed, the just compensation, before the corporation can acquire any legal rights to appropriate the land.   The court is not authorized to give judgment of condemnation except upon payment into court of the damages assessed by the jury. Until that is done the corporation has no rights in the land and cannot lawfully appropriate it.   This 'just compensation' must be first assessed and tendered—ascertained by the jury and paid into court—before the legal right to take the land under the judgment is complete.   The right to render judgment is not absolute, but conditional; it is upon the payment of the damages assessed by the jury that the judgment of condemnation is rendered, and the right of the corporation to appropriate the land is complete.   Nor can the court in such proceedings render any other different judgment than the particular kind of judgment prescribed by the statute. . . . .

''Now, in the case under consideration, the court undertook to render a judgment *in personam,* for the whole amount of damages claimed in favor of the land owner, and at the same time, and without the payment of the damages as required by the statute, to adjudge the title of the land sought to be appropriated in the corporation.   The authorities cited are unanimous that this was error.   No such judgment is warranted by the law.   The statute is explicit; it is only upon

payment that the court is authorized to render any judgment whatever, and that is a judgment condemning the land to the use of the corporation. The payment precedes the legal right to appropriate, and renders it impossible in such proceeding to give judgment for the damages assessed, except upon payment as provided by law.'' It appears from this latter part of the opinion that the statutes in the state of Oregon and in Kansas and Ohio and Illinois and the other states relied upon are very different from the provisions of the statute of this state. Under our constitution property cannot be taken until it is paid for, and consequently our statute has provided that judgment may be rendered for the value of the property sought to be taken and execution issued to collect such judgment as a means of payment in accordance with the provisions of the constitution, and that a judgment of condemnation cannot be entered until after such payment has been made, either by the payment of money upon the judgment or by its payment through processes of execution. There is no such provision found in the statutes of Oregon or considered by the court in the above case, nor are such statutory provisions found in any of the states from which the decisions are discussed in the Oregon case, or in any of the cases cited by counsel for appellant in support of their contention. This case quotes at length from many cases, and states the law to be that in eminent domain proceedings no judgment other or beyond that authorized by the statute can be entered, and if entered is without the power of the court, and states as a reason that such proceedings are out of the course of the common law and in derogation of common rights, and being such, it is essential that all statutory requirements should be strictly pursued; so that case, and those in line with it and the cases generally cited by appellant adhere to this rule, that the judgments in such cases must be strictly in accordance with the statute. We think this principle is correct and that in eminent domain proceedings the procedure must be substantially in accordance with the statute, and that the plaintiff or person or corporation seeking to condemn and acquire private property for public use, before they can

acquire title to private property for public use, must pay a just compensation; that is, if the parties cannot agree upon the value of the property sought to be taken, the corporation or person desiring such property for public use must proceed in the manner provided by the statute, to have the value of the property sought to be taken fixed and assessed, and must pay such assessment before the property can be condemned or taken or any rights whatever acquired in the plaintiff in the condemnation proceedings. The legislature no doubt had this rule in mind when they passed the various statutes to which we have referred, and provided that where a complaint for condemnation is filed the value of the property must be assessed and determined as provided in the statute, and that upon the value being assessed and determined, a judgment may be entered against the plaintiff for the amount of such value, and that an execution may issue upon such judgment for the collection of the compensation for the land sought to be taken, and upon the payment of such judgment, then another judgment shall be entered condemning such property and decreeing such property to the plaintiff and vesting his right thereto.

It is next contended that the court erred in condemning the land to appellant's use upon the payment of the sum awarded. In answer to this contention it is sufficient to say that the judgment is not one of condemnation. The judgment is for money, the value of the property sought to be taken; there has as yet been no judgment of condemnation entered in this case.

The fourth assignment of error embraces several objections which have in the main been covered by our discussion of the previous alleged errors, and also to the character of judgment of condemnation to be entered after full compensation has been made, and that after the judgment has been paid, either in money or through the processes of an execution. That judgment has not as yet been entered in this case, and we apprehend that under this discussion and with the statutes before the court there will be no difficulty in entering

such judgment in proper form when that period arrives, in the process of the condemnation proceedings.

We find no error in the record in this case and the judgment is *affirmed.* Costs awarded to respondent.

Ailshie and Sullivan, JJ., concur.