GEORGE NEALE ET AL., PETITIONERS, v. SUPERIOR COURT OF SAN DIEGO COUNTY, RESPONDENT.

EMINENT DOMAIN — TAKING POSSESSION WITHOUT ORDER OF COURT — RESTITUTION. — The superior court in which proceedings for condemnation are pending has authority to prevent the plaintiff from taking possession of the land sought to be condemned before compensation is made, and until an order for such possession is made by the court, under section 1254 of the Code of Civil Procedure; and if possession is taken in advance of such order, the court may make an order requiring the possession to be restored to the owner.

ID. — ORDER RESTORING POSSESSION — ELECTION — APPEAL — STAY OF PROCEEDINGS. — If the defendant in condemnation proceedings elects to take an order restoring possession which has been unlawfully taken by the plaintiff, instead of proceeding by action to recover the possession, he subjects himself to the conditions of an appeal from such order, one of which is that possession may be retained upon giving a bond to stay proceedings, under section 945 of the Code of Civil Procedure.

APPLICATION for a writ of mandate to the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Hunsaker, Britt & Lamme,* and *J. E. Deakin, Jr.,* for Petitioners.

*Henderson & McDonald,* for Respondent.

The COURT. — This is an application for a writ of mandate. The San Diego Land and Town Company, a corporation, commenced an action against the petitioners here, to condemn and take for public use certain real estate in the county of San Diego. Such proceedings were had in the cause for condemnation that a judgment for the sum of $100,575.90 was awarded petitioners as compensation for said land. Pending the proceedings, and before any compensation was made, said corporation, without leave or license from petitioners, and without right or title, entered into possession of said

property, or most of it, flooded the same with water, and are using it as a reservoir. Thereafter petitioners applied to the Hon. Edwin Parker, superior judge of San Diego County, and judge of the court in which the proceedings for condemnation were pending, for an order restoring possession of said property to them, and on the sixteenth day of April, 1888, an order was made and entered by the court, requiring said corporation to pay said judgment before that time entered, prior to the twenty-eighth day of April, 1888, or to restore possession of said property to petitioners herein. On or about May 1, 1888, the corporation appealed to this court from said last-mentioned order, and filed a bond on appeal under section 945 of the Code of Civil Procedure, in the sum of thirty thousand dollars, duly approved, as a stay of proceedings under that order. The corporation has not made compensation for said land, and still retains possession thereof.

1. The superior court in which the proceedings for condemnation were pending had authority to prevent the plaintiff therein from taking possession of the land sought to be condemned until an order therefor was made by the court. (Code Civ. Proc., sec. 1254.) Possession having been taken pending the proceeding, and in advance of such order, the court was authorized to make the order of April 16th, requiring the possession to be restored to the owners, the petitioners herein. (*In re Bryan*, 65 Cal. 375; Const. Cal., art. 1, sec. 14.)

2. Did the appeal entitle the corporation to a stay of proceedings under section 945 of the Code of Civil Procedure? The order in question required the delivery of possession of real property. That section provides that an appeal from such an order shall not stay execution unless a written undertaking, as therein specified, shall be given. In the present case such an undertaking, duly approved, was given. It would seem that the converse of the proposition must be true, and that, if the

undertaking is given, it does stay the execution of the order appealed from. The very object of the undertaking is to secure the person in whose favor the judgment or order is made for the damages which he may sustain by the delay. There is a broad distinction between cases of this kind, where the order requires an act to be performed, and an injunction which restrains the performance of an act. In the case of an injunction the appellant usually has security upon which he can rely in case of a reversal; here he has none. If, as petitioners claim, the corporation is in possession of the property as a trespasser without any authority, they may proceed against it by an ordinary action to recover possession; but having elected to proceed through the instrumentality of an order, from which an appeal lies to this court, they subject themselves to the conditions of such appeal. The application for a writ of mandate is denied.