[No. 12810. In Bank. — December 31, 1888.]

SAN DIEGO LAND AND TOWN COMPANY, APPELLANT, *v.* GEORGE NEALE ET AL., RESPONDENTS.

EMINENT DOMAIN — NON-PAYMENT OF AMOUNT AWARDED TO DEFENDANT. — REMOVAL OF PLAINTIFF FROM POSSESSION — REMEDY. — Where, pending proceedings in eminent domain, the plaintiff takes possession of the property, but not under color of the authority of such proceedings, and does not pay the amount awarded to the defendant, but takes proceedings to have the judgment reviewed, the defendant, if he wishes to have the plaintiff removed from possession, must resort to his remedy by action, and cannot have the plaintiff removed upon motion made on affidavits, unless the statute gives such a remedy.

ID. — The statute makes no provision for a summary remedy in such a case. If the possession was taken under color of the proceedings, and the plaintiff does not pay the amount awarded to the defendant, the court may remove plaintiff from possession upon motion, but there must be a showing that execution has been issued, and that the money cannot be made on the execution.

APPEAL from an order of the Superior Court of San Diego County made after final judgment.

The facts are stated in the opinion, and in the opinion in the preceding case of *San Diego Land and Town Company* v. *Neale, ante,* p. 63.

*Luce & Henderson,* and *Henderson & McDonald,* for Appellant.

*Hunsaker, Britt & Lamme,* and *J. E. Deakin,* for Respondents.

HAYNE, C. — The general features of this case are shown in No. 12743, which has just been decided. (*Ante,* p. 63.) It appears that the plaintiff's dam, which was begun before the commencement of the proceedings in eminent domain, was completed while the same were pending, and that the flow of the water of the river was so great as to flood the part of the defendants' land which was sought to be condemned. The plaintiff did not pay or deposit in court the amount awarded to the defendants, but proceeded with its motion for new trial. The defendants then moved for an order requiring the plaintiff to restore the possession to them, or in other words, to draw off the water from their land. The court below granted this motion, and the plaintiff appeals.

There can be no doubt that the plaintiff had no right to flood the defendants' land before payment or deposit of the compensation. The question is as to what is the proper remedy. The provisions which bear upon this subject are sections 1254 and 1252 of the Code of Civil Procedure. Section 1254 contains a provision by which, after a proper deposit, the court " may, upon notice of not less than ten days, authorize the plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation, and may, if necessary, stay all actions and proceedings against the plaintiff on account thereof." This provision, it seems to us, is merely that, upon certain conditions, the court may anticipate its final action so far as to authorize or legalize a possession pending the litigation. It certainly does not expressly provide that the plaintiff may be ejected from a possession taken inde-

LXXVIII. CAL.—6

pendently of the eminent-domain proceedings, or required to tear down valuable improvements which may have been made previously thereto, and we think it contains no such implication. And the learned counsel for the defendants expressly say that "the order is not based on section 1254."

The only other provision is as follows: —

" Sec. 1252. Payment may be made to the defendants entitled thereto, or the money may be deposited in court for the defendants, and be distributed to those entitled thereto. If the money be not so paid or deposited, the defendants *may have execution* as in civil cases, and *if the money cannot be made on execution,* the court, *upon a showing to that effect,* must set aside and annul the entire proceedings, and restore possession of the property to the defendant, if possession has been taken by the plaintiff."

This section plainly requires the issuance of an execution, and a showing that the money cannot be made upon it, before the order for restoration of possession can be made. In the record before us there is no such showing. On the contrary, it was expressly admitted on the hearing of the motion that " the plaintiff was perfectly solvent and able to pay any judgment that the defendants might recover against it." We think, therefore, that the order cannot be sustained upon any of the provisions of the code.

The counsel say, however, that the order is based "on section 14, article 1, of the constitution, which declares that private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner." But this provision simply declares the right of the owner. It does not purport to prescribe the remedy for a violation of such right. And we think it may be safely affirmed that the owner is to be left to his ordinary remedy by action, and cannot resort to the summary one of a mo-

tion upon affidavits, unless his case comes within some provision of statute to that effect, which, as we have seen, is not the case.

The cases of the *Matter of Bryan*, 65 Cal. 375, and *Neale* v. *Superior Court*, 77 Cal. 28, are not in conflict with the foregoing. The former case was an application for *certiorari* to review certain orders in a proceeding to open a road. The record in the case shows that the proposed road had not been opened; or in other words, that possession of the property had not been taken. What the applicant sought to have done was not to be restored to possession, but to have said orders annulled. And the decision simply was, that, inasmuch as the superior court could set aside the orders on motion, the writ of *certiorari* would not issue. In the latter case, we do not understand the court to have examined into the question whether the order appealed from was erroneous, but merely to have held that it was not beyond the power of the court to make some order as to the matter.

We therefore advise that the order appealed from be reversed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the order appealed from is reversed.

WORKS, J., did not participate in the decision of this cause.