[Sac. No. 1881. Department One.—August 4, 1911.]

## HENRY HEIER, Respondent, v. JOSEPH KRULL et al., Appellants.

SURFACE WATER—RIGHTS AND DUTIES OF UPPER AND LOWER LANDOWNERS.—Every landowner must bear the burden of receiving upon his land the surface water naturally falling upon land above it and naturally flowing to it therefrom, and he has the corresponding right to have the surface water naturally falling upon his land or naturally coming upon it, flow freely therefrom upon the lower land adjoining, as it would flow under natural conditions.

ID.—LANDOWNER MAY COMPLAIN OF AUGMENTATION OF NATURAL FLOW. —From these rights and burdens, the principle follows that he has a lawful right to complain of others, who, by interfering with natural conditions, cause such surface water to be discharged in greater quantity or in a different manner upon his land, than would occur under natural conditions.

ID.—PLEADING—DENIAL OF INCREASE OF NATURAL FLOW—MATERIAL ISSUE.—In an action to enjoin the defendants from enlarging a certain slough and from constructing or maintaining a proposed ditch, and from doing any other act or thing whereby any of the waters falling upon lands lying above the plaintiff's lands might be precipitated, or the flow thereof accelerated, to or upon the plaintiff's

lands, an averment in the answer of the defendants, which in effect denies that the alleged excavations would cause the water falling upon such upper lands to be carried to plaintiff's lands in greater quantities than would occur under natural conditions, raises a material issue, and it was error to strike it out.

ID.—IRRIGATION DISTRICT—INCREASE OF FLOW BY ARTIFICIAL DITCH.— Allegations in such answer, to the effect that a drainage district had been previously formed for the purpose of draining lands in the vicinity of plaintiff's lands, that such district, under proper proceedings for that purpose, constructed the ditch over the plaintiff's lands for the purpose of draining the waters of said slough, and that the district purchased and owns a right of way over the plaintiff's lands for that purpose, are immaterial, and were properly stricken from the answer. Such facts would not entitle the district or any other person to cause additional surface water to flow in the ditch sufficient to make it overflow its banks and injure the plaintiff's lands.

APPEAL from a judgment of the Superior Court of Sutter County. K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

A. H. Hewitt, for Appellants.

W. H. Carlin, for Respondent.

SHAW, J.—The defendants appeal from a judgment in favor of plaintiff.

The object of plaintiff's suit was to enjoin the defendants from enlarging Old Live Oak Slough and from constructing or maintaining a certain proposed ditch, and from doing any other act or thing whereby any of the waters falling upon the lands northeasterly of a certain alleged ridge, some six miles northerly of plaintiff's lands, might be precipitated, or the flow thereof accelerated, to or upon the plaintiff's lands. He also asks for a mandatory injunction requiring defendants to fill up so much of said ditch as had been dug before the suit was begun.

The plaintiff's lands consist of one hundred and eighty acres. He alleges that about six miles north thereof there is a high ridge of ground which, unless interfered with by the defendants, does and will effectually prevent the water falling upon the land northerly and easterly thereof from flowing down to and upon his own land. He further alleges

that south of said ridge there extends from said ridge, in a southerly direction, for a part of the distance to his land a slough known as Old Live Oak Slough, with which is connected an artificial ditch extending therefrom to and through his land, by means whereof the waters of the slough are drained and carried away to lower lands. With respect to the acts of the defendants complained of, he alleges that they are engaged in digging a ditch through said ridge of land, which will cut through the same and drain the waters falling upon the lands northerly and easterly thereof into the slough and through the ditch leading therefrom to and upon the lands of the plaintiff, and that they also threaten to, and, unless restrained, will deepen, widen, and extend the slough from the point where the defendants' proposed ditch enters the same in a northeasterly direction, thereby bringing into said slough and down to and upon the lands of the plaintiff a vast body of water which falls and accumulates upon lands northeasterly of section 8, in which section said ridge is situated, which water would not at all reach plaintiff's lands without the doing of said threatened work by the defendants, and that by reason of said additional water coming into said ditch crossing plaintiff's lands it will be caused to overflow plaintiff's lands and render them unfit for cultivation, to his great damage.

The answer to the complaint consisted of denials and affirmative defenses. The court on motion of the plaintiff struck out the affirmative defenses and a part of the denials and thereupon it sustained a general demurrer to the answer without leave to amend, and rendered the judgment appealed from. This judgment enjoins the defendants from digging the proposed new ditch or from deepening, widening, or extending the slough or doing any other act or thing which will cause the waters from the lands northerly and northeasterly of said ridge to flow down to and upon the plaintiff's lands. It also commands the defendants to refill with earth the lower thirty feet of the ditch which they have dug northerly from Old Live Oak Slough. The defendants, in support of their appeal urge that the court erred in striking out the portions of the answers and in sustaining the demurrer to the remainder thereof.

The gist of the threatened injury alleged in the complaint is the making of the new ditch and the alteration of the slough

in such a manner that the water falling on the land north of the alleged ridge, and which did not before reach plaintiff's lands, will be carried to and upon said lands through said proposed ditch across the ridge. Every landowner must bear the burden of receiving upon his land the surface water naturally falling upon land above it and naturally flowing to it therefrom, and he has the corresponding right to have the surface water naturally falling upon his land or naturally coming upon it, flow freely therefrom upon the lower land adjoining, as it would flow under natural conditions. From these rights and burdens, the principle follows that he has a lawful right to complain of others, who, by interfering with natural conditions, cause such surface water to be discharged in greater quantity or in a different manner upon his land, than would occur under natural conditions. This is the settled law of this state. (*Conniff* v. *San Francisco,* 67 Cal. 49, [7 Pac. 41]; *Ogburn* v. *Connor,* 46 Cal. 351, [13 Am. Rep. 213]; *McDaniel* v. *Cummings,* 83 Cal. 519, [8 L. R. A. 575, 23 Pac. 795]; *Gray* v. *McWilliams,* 98 Cal. 162, [35 Am. St. Rep. 163, 21 L. R. A. 593, 32 Pac. 976]; *Stanford* v. *San Francisco,* 111 Cal. 198, [43 Pac. 605]; *Hicks* v. *Drew,* 117 Cal. 305, [49 Pac. 189]; *Rudel* v. *Los Angeles Co.,* 118 Cal. 288, [50 Pac. 400]; *Cushing* v. *Pires,* 124 Cal. 665, [57 Pac. 572]; *Cloverdale* v. *Smith,* 128 Cal. 233, [60 Pac. 851]; *Larrabee* v. *Cloverdale,* 131 Cal. 99, [93 Pac. 143]; *Wood* v. *Moulton,* 146 Cal. 317, [80 Pac. 92].)

The fifth paragraph of the answer was stricken out. In it the defendants deny that they are now or ever have been engaged in digging a ditch through said ridge of land or that any ditch as planned or now in course of construction by them will cut through said ridge. These allegations merely refer to the construction of a ditch cutting through the ridge. This act is not the essential part of plaintiff's action. It is the making of excavations which will so alter natural conditions that additional surface water will be discharged upon plaintiff's lands that constitutes the ground of his complaint. This paragraph, however, also contains the following: "Defendants deny that any ditch or canal now being dug or constructed by them or which they have, previous to the commencement of this action, been engaged in digging and constructing, will connect the territory lying north of said alleged ridge with

said Old Live Oak Slough, or that it will effectually drain all
or any water falling upon said lands to the north and north-
east of said alleged ridge into said slough, and through said
artificial ditch or canal mentioned in plaintiff's complaint to
and upon the lands of plaintiff or any part thereof in any
greater volume or in any different manner than that in which
they have heretofore since the year 1896, been accustomed to
flow and drain." It appears from other allegations in the
answer which were also stricken out, that in the year 1896 the
ditch running through the plaintiff's lands was constructed
by the defendants for the purpose of draining the waters from
Old Live Oak Slough, and that it has ever since that time
been maintained for that purpose. This explains the allusion
to the accustomed flow of water since 1896, in the part of the
answer above quoted. The effect of this denial is to raise
an issue upon the allegations of the complaint that the waters
falling upon lands northerly and easterly of the alleged ridge
will be carried upon the plaintiff's lands, by reason of the
alleged excavations of the defendants, in greater quantities
than would occur under natural conditions. This is the gist
of the plaintiff's cause of action and without it he would not
be entitled to the judgment he obtained. The denial raised
a material issue upon which the defendants were entitled to
a trial. For this reason the court erred in striking out this
portion of the answer.

In paragraph VI of the answer there is an allegation that
none of the work as planned or in process of construction by
the defendants, when completed, will cause any additional
surface water to flow through said slough and ditch to the
injury of the plaintiff in any manner or at all. This is but a
repetition of the matter above quoted from paragraph V and
it is perhaps more in the nature of a conclusion than a state-
ment of fact. It might well have been stricken out as unnec-
essary because it is, at most, but a repetition of a previous
denial.

Other allegations, in connection with the part of the answer
which was stricken out, were to the effect that a drainage dis-
trict was formed in the year 1895 for the purpose of draining
lands in the vicinity of plaintiff's lands; that this drainage
district, under proper proceedings for that purpose, con-
structed the ditch over the plaintiff's land for the purpose of

draining the waters of said slough, and that the district pur-
chased and now owns a right of way over the plaintiff's lands
for that purpose.   These matters were wholly immaterial to
the case.   Granting that the drainage district had procured
a right of way to construct the ditch now existing across the
plaintiff's lands, it would not at all follow that it, or any other
person, would have the right to cause additional surface water
to flow therein sufficient to make it overflow its banks and
injure the plaintiff's lands.   It is not alleged that said dis-
trict has ever obtained, or now has, the right to cause such
overflow.   These matters were properly stricken from the
answer.

The order striking out paragraph five of the answer and
the giving of judgment for the plaintiff, under these circum-
stances, deprived the defendants of the substantial right of hav-
ing a trial upon the material issue of fact which they had
tendered, and for that reason the judgment is erroneous.

The judgment is reversed.

Angellotti, J., and Sloss, J., concurred.