[Civ. No. 3177. Second Appellate District, Division Two.—March 5, 1920.]

## JOHN R. HAYNES et al., Appellants, v. INDIO LEVEE DISTRICT et al., Respondents.

[1] WATERS AND WATER RIGHTS—DIVERSION OF RIVER FROM NATURAL CHANNEL—SUIT TO RESTRAIN—PARTIES.—In an action against a levee district to compel it to restore the course of a river to its natural channel, the levee district having constructed a dam across the natural channel of the river, a natural waterway, and above this dam cut a new channel through a natural ridge which had theretofore protected the lands of plaintiffs from flood waters as well as the ordinary flow of the river, the owner of the land upon which such dam and cut are situated is a necessary party defendant.

[2] ID.—LEGAL AUTHORITY FOR WORK—PRESUMPTION—PLEADING.—An allegation in the complaint in such an action that the diverting of the waters of the river from their natural channel was not done in pursuance of any plan or improvement adopted by the said levee district or its trustees, and that the diversion is unlawful and wholly without right, as against a general demurrer, is a sufficient allegation, if such is needed, to negative any presumption that the work was done in pursuance of any legal authorization therefor.

[3] ID.—AUTHORITY TO DIVERT WATERS—RIGHT TO HEARING.—Without some express authority of law or of legal procedure, there is no authority in a levee district, or any other municipal or *quasi*-municipal corporation, to change the natural channel of a water course so as to turn the floods upon adjacent property not naturally subjected to its flow; and even then the injured party must have his day in court.

[4] ID.—CONTINUING TRESPASS—MANDATORY INJUNCTION.—A trespass, irreparable in character and of a continuing nature, such as the construction of a dam across the natural channel of a river and the cutting of a new channel through a natural ridge, which had theretofore protected certain lands, thereby subjecting such lands to flooding, to the great damage of the owners thereof, may be restrained by a mandatory injunction, thus restoring things to their natural and original condition.

[5] ID.—STATUTE OF LIMITATIONS — LACHES.—Where the suit to restrain the levee district from diverting the waters of the river from their natural channel into a new channel, thereby subjecting

---

1. Injunction as remedy for wrongful diversion of watercourse, note, **Ann. Cas.** 1912D, 13.

plaintiff's lands to flooding, is begun within the period of the statute of limitations, no presumption of laches can arise within that period, in the absence of special pleading of facts demanding an earlier protest.

[6] ID.—ESTOPPEL—HOW POINT RAISED.—If the complaint discloses a state of facts which would amount to an equitable estoppel of plaintiff's action, the point can be raised by general demurrer; but where the existence of the laches depends upon matters extraneous to the record, they should be presented by answer.

[7] ID.—ESTOPPEL—PLEADING.—Estoppel is usually purely a matter of defense, and cannot be raised, even on the trial, unless pleaded, much less by general demurrer to a complaint that does not clearly show facts constituting an estoppel.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Reversed. ·

The facts are stated in the opinion of the court.

J. Wiseman Macdonald and Sarau & Thompson for Appellants.

Adair & Winder for Respondents.

SLOANE, J.—This is an appeal from a judgment of dismissal of the action as to Charlotte M. Price, one of the defendants. The order of dismissal was made upon plaintiffs' refusal to amend after demurrer sustained to plaintiffs' second amended complaint.

The facts set out in the second amended complaint are substantially as follows: That the defendant Indio Levee District, a regularly organized levee district under the laws of the state of California, by its trustees, constructed a dam across the natural channel of White Water River, a natural waterway, and also above this dam cut a new channel through a natural ridge which intervened between the course of the river and the lands of the plaintiffs, and which always theretofore had protected such lands from the flood waters as well as the ordinary flow of said river, and that the construction of this dam and the cut or channel through the intervening ridge turned the waters of the river, particularly in seasons of high water, into this new channel and upon and over the lands of plaintiffs, to their great damage. The dam and cut in question are situated upon the land of

the defendant Charlotte M. Price. Defendants, other than the Indio Levee District, are owners of contiguous property affected by the change in this watercourse, and were made parties defendant because of their refusal to join with plaintiffs in prosecuting the action. The relief sought by plaintiffs is a mandatory injunction requiring the defendant Indio Levee District to restore the course of the river to its natural channel. The demurrer of defendant Price is a general demurrer.

[1] We think it is obvious that Charlotte M. Price is a necessary party to this action, if it can be maintained at all, by reason of the fact that the relief sought could only be obtained by requiring and permitting the Indio Levee District to enter upon her land to perform the work of restoration demanded. Hence, the only question to consider is whether or not the complaint states a cause of action against the levee district. We think it does.

[2] It is alleged in the complaint that the diverting of the waters of the river from their natural channel was not done in pursuance "of any plan or improvement adopted by the said Indio Levee District" or its trustees, and that the diversion "is unlawful and wholly without right." As against a general demurrer, this, we think, is a sufficient allegation, if such was needed, to negative any presumption that the work had been done in pursuance of any legal authorization therefor. [3] We know of no authority vested in a levee district, or any other municipal or *quasi*-municipal corporation, to change the natural channel of a watercourse so as to turn the floods upon adjacent property not naturally subject to its flow, without some express authority of law or of legal procedure; and, even then, the injured party must have his "day in court." (*Conniff* v. *San Francisco,* 67 Cal. 45, [7 Pac. 41]; *Cloverdale* v. *Smith,* 128 Cal. 230, [60 Pac. 851]; *Larrabee* v. *Cloverdale,* 131 Cal. 96, [63 Pac. 143]; *Heier* v. *Krull,* 160 Cal. 441, 445, [117 Pac. 530].) [4] A trespass, irreparable in character and of a continuing nature, such as is alleged in the complaint before us, may be restrained by a mandatory injunction, thus restoring things to their natural and original condition. (*Allen* v. *Stowell,* 145 Cal. 666, [104 Am. St. Rep. 80, 68 L. R. A. 223, 79 Pac. 371]; *Rudel* v. *County of Los Angeles,* 118 Cal. 281; [50 Pac. 400]; *Geurkink* v. *City of Petaluma,* 112 Cal. 306, [44 Pac. 570]; *Island Rec. Dist.* v. *Floribel Alfalfa Syn-*

*dicate,* 167 Cal. 467, [140 Pac. 4].) In the case last cited the court says: ". . . we know of no cases where a court has refused to consider the complaint for want of facts where it is alleged, as it is here, that the defendants have dammed the channel of a stream thereby forcing the flood waters to seek another outlet which in the nature of things will most probably injure the persons seeking relief. Both pleading and proof of plaintiff in this case come within the principles announced in *Rudel* v. *Los Angeles County,* 118 Cal. 283, [50 Pac. 400]. One may not dam the natural flow of a stream to the detriment of his neighbor by causing the water to empty upon the latter's land. Prohibitory injunction will issue where the damage is threatened and mandatory injunction to remove the cause when some injury has been done. (*Allen* v. *Stowell,* 145 Cal. 666, [104 Am. St. Rep. 80, 68 L. R. A. 223, 79 Pac. 371].)"

Respondent Price offers no argument against the doctrines stated. Indeed, the only point urged in respondent's brief against the sufficiency of the complaint is that the facts pleaded show an estoppel to maintain the action by reason of laches on the part of plaintiffs in protesting against the acts complained of. Stated in respondent's own words, her contention is that, "admitting the allegations of the second amended complaint to be true, yet appellants are not entitled to the mandatory injunction they seek, since they have stood by while the development was made for public use, and have suffered it to proceed at large expense to successful operation, having reasonable cause to believe it would affect their own property, and have allowed this respondent to acquire certain property rights, depending upon said improvement remaining permanent." For the purposes of this appeal we must not only admit the allegations of the complaint to be the truth, but the whole truth. In other words, we cannot, on considering the sufficiency of the complaint, infer or presume the existence of facts not pleaded. And we are unable to find in the complaint the basis for respondent's assertion that the work complained of was for public use, or that it was prosecuted at great expense, or that the property rights of the defendants would be greatly affected by plaintiffs' delay in commencing action. It is shown by the complaint that the dam and excavation work was done in the spring and summer of 1915, that the damage complained of occurred in January and February of 1916, and that the

action was not instituted until January, 1917. **[5]** But the action was begun within the period of the statute of limitations, and no presumption of laches can arise within that period, in the absence of special pleading of facts demanding an earlier protest. (*Furman* v. *Craine,* 18 Cal. App. 47, [121 Pac. 1007]; *Lux* v. *Haggin,* 69 Cal. 255, [4 Pac. 919, 10 Pac. 674]; *Ex-Mission L. & W. Co.* v. *Flash,* 97 Cal. 610, [32 Pac. 600]; *Cahill* v. *Superior Court,* 145 Cal. 42, [78 Pac. 467]; *Cohen* v. *Cohen,* 150 Cal. 99, [11 Ann. Cas. 520, 88 Pac. 267]; *Meigs* v. *Pinkham,* 159 Cal. 104, 111, [112 Pac. 883].) **[6]** We do not question that if the complaint disclosed a state of facts which would amount to an equitable estoppel of plaintiffs' action the point could be raised by general demurrer. But where, as here, the existence of the laches depends upon matters extraneous to the record, they should be presented by answer. There can be no dispute as to the correctness of the doctrine affirmed by the authorities cited by respondent, and as particularly laid down in *Miller & Lux* v. *Enterprise etc. Co.,* 169 Cal. 415–429, [147 Pac. 567, 573]: "That where a person has suffered property belonging to him and under his control to be taken and devoted to a public use by one engaged in administering such use, and the matter has gone on so far that the beneficiaries thereof rely on its continuance and adjust their affairs accordingly, such owner having knowledge thereof and making no objection or protest, this conduct will be regarded by the courts as a dedication by such owner of the property to the particular public use, and he cannot thereafter interrupt nor prevent the same, his only remedy being to seek compensation for the property he has thus allowed to be taken." Such a state of facts, however, does not appear from the complaint demurred to; and it was not incumbent upon the pleader to allege his diligence in prosecuting the action. **[7]** Estoppel is usually purely a matter of defense, and cannot be raised, even on the trial, unless pleaded, much less by general demurrer to a complaint that does not clearly show facts constituting an estoppel. (*Burk* v. *City of Santa Cruz,* 163 Cal. 807, [127 Pac. 164]; *Chapman* v. *Hughes,* 134 Cal. 641, [58 Pac. 298, 60 Pac. 974, 66 Pac. 892]; *Delger* v. *Jacobs,* 19 Cal. App. 197, [125 Pac. 258].)

The judgment of dismissal as to the defendant Price is reversed and the order sustaining demurrer set aside.

Finlayson, P. J., and Thomas, J., concurred.