[Civ. No. 5840.   First Appellate District, Division One.—April 18, 1927.]

FELTON WATER COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF SANTA CRUZ COUNTY et al., Respondents.

[1] EMINENT DOMAIN—CONDEMNATION OF EASEMENT TO TAKE AND DIVERT WATER FOR PUBLIC USE—CHARACTER OF WATER COMPANY—POSSESSION OF EASEMENT—SECTION 1254, CODE OF CIVIL PROCEDURE.—Where a water company bringing an action to condemn an easement for the taking and diversion of water for an alleged public use is not a corporation of the class mentioned in section 14 of article I of the constitution, its right to the possession of the easement sought to be condemned will, as provided by section 1254 of the Code of Civil Procedure, depend upon and follow the entry of a judgment in such action.

[2] ID.—TAKING OF PRIVATE PROPERTY—COMPENSATION—INJUNCTION—DEDICATION—PUBLIC USE.—The taking of private property before the amount of the compensation is ascertained will be enjoined, unless the owner with knowledge has suffered without protest the property to be devoted to the public use by one engaged in administering such use, in which case his conduct will be regarded as a dedication of the property to such use, and his only remedy will be an action for compensation.

[3] ID.—CONDEMNATION OF PROPERTY FOR PUBLIC USE—NATURE OF PROCEEDING—POSSESSION—JURISDICTION—ISSUES.—A proceeding to condemn property for a public use is a special proceeding in the superior court; and except as otherwise provided the provisions of article II of the Code of Civil Procedure are applicable to and constitute the rules of practice in such proceedings; and the court in such a proceeding has jurisdiction on motion to prevent the plaintiff from taking possession of the property sought to be condemned until an order is made authorizing it, and is invested with jurisdiction of all special proceedings not otherwise provided for, and in conducting such proceedings exercises the usual and ordinary powers in disposing of the issues necessarily involved, and may exercise the implied power to do all which is necessarily incident to the authorized proceeding.

[4] ID.—POSSESSION PRIOR TO ENTRY OF JUDGMENT—PREVENTION OF—JURISDICTION.—In an action by a water company to condemn an easement for the taking and diversion of water for an alleged public use, having jurisdiction both of the parties and the subject of the litigation, the court, in the exercise of its power to hear and determine the issues necessarily involved, has the incidental power to prevent the plaintiff from taking possession prior to the entry of judgment; and having this power in a proper case its conclusion as to whether the facts alleged or the pleadings in form are sufficient to warrant the relief sought, though erroneous, will nevertheless be an exercise of jurisdiction.

[5] ID.—DIVERSION OF WATER—INJUNCTION—ORDER TO SHOW CAUSE—RELIEF—JURISDICTION.—In such action, should it appear on the hearing of a motion and order to show cause why the plaintiff should not be restrained from diverting the waters of the stream so as to interfere with or obstruct the flow thereof within the boundaries of certain described land, that as to a portion of the flow being diverted defendants are entitled only to compensatory relief, or as to such portion the facts shown bring the case within the decision of *San Diego Land & Town Co.* v. *Neale*, 78 Cal. 80, the fact that defendants have sought relief

2.  See 10 Cal. Jur. 376, 444; 10 R. C. L. 126, 228, 230.
3.  See 10 Cal. Jur. 377.

which to the extent prayed for cannot be legally granted will not deprive the court of the power to determine and grant the relief to which they may be entitled.

[6] PROHIBITION—ISSUES—JURISDICTION.—A writ of prohibition will not lie to prevent a subordinate court from deciding erroneously, and the writ cannot be used to prescribe what a court shall or shall not consider in a matter before it and within its jurisdiction.

---

(1) 20 **C. J.**, p. 969, n. 26.    (2) 18 **C. J.**, p. 58, n. 12; 20 **C. J.** p. 1160, n. 91, p. 1172, n. 12.    (3) 20 **C. J.**, p. 873, n. 83, p. 915, n. 55, p. 916, n. 71.    (4) 20 **C. J.**, p. 915, n. 58.    (5) 20 **C. J.**, p. 915, n. 51. (6) 32 **Cyc.**, p. 605, n. 34, p. 617, n. 18.

PROCEEDING in Prohibition to prevent the Superior Court of Santa Cruz County from further proceedings upon an order to show cause why petitioner should not be restrained from obstructing the flow and diverting the waters of a stream. H. C. Lucas, Judge. Writ denied.

The facts are stated in the opinion of the court.

Peck, Bunker & Peck for Petitioner.

Ralph Smith, Geo. W. Smith and R. T. Harding for Respondents.

CASHIN, J.—An application for a writ of prohibition to arrest further proceedings in respondent court on an order requiring petitioner to show cause why it should not be restrained pending the trial of an action filed therein from further obstructing the flow and diverting the waters of a stream.

Petitioner, a corporation, was organized in 1889 for the purpose of supplying the inhabitants of the town of Felton and its vicinity with water for domestic and other uses. An action was filed in August, 1926, by petitioner in respondent court against Forest Lakes Mutual Water Company, Seminary Avenue Land Company, Santa Cruz Land Title Company, corporations, George H. Fetherston, and

---

6. When writ of prohibition lies, notes, 12 **Am. Dec.** 604, 18 **Am. Dec.** 238; 111 **Am. St. Rep.** 930. See, also, 21 **Cal. Jur.** 580, 584, 594; 22 **R. C. L.** 12. Prohibition as process for review and correction of errors, notes, 1 **Ann. Cas.** 713; **Ann. Cas.** 1913D, 593.

others to condemn an easement, to wit, the right to take, divert, and carry away as against the lands of defendants 150,000 gallons of water per day from Limestone Brook, which is a branch of a stream called Gold Gulch in Santa Cruz County, with the right to sell the same to the general public and to the inhabitants of the town of Felton for domestic and other uses at such rentals and charges as are fixed by the railroad commission of the state of California. The complaint alleges that at all the times since the month of June, 1925, plaintiff has diverted from the stream, when there was that quantity flowing therein, approximately 86,000 gallons of water per day; that the diversion was made by means of a dam constructed on the property of defendant Santa Cruz Land Title Company, and that the water has been taken for sale, rental, and distribution to the inhabitants of the town of Felton and its vicinity and to the inhabitants of the lands owned by the defendant last named, to be used for domestic and irrigation purposes; that the dam, pipe-lines, and other instrumentalities used for that purpose have been devoted by plaintiff to a public use, namely, for the diversion and storage of the waters of the stream for sale and distribution to the inhabitants mentioned; that the right sought to be acquired is necessary to the public use referred to in that the water which plaintiff has heretofore diverted is insufficient to supply the demands made upon plaintiff for the above purposes.

The foregoing averments, except those of a previous diversion of a portion of the stream and the quantity so diverted, were traversed by an answer filed by Forest Lakes Mutual Water Company, Seminary Avenue Land Company, and others of the defendants, not including Santa Cruz Land Title Company or George H. Fetherston. The answer alleges that none of the water was diverted by plaintiff prior to October, 1925, and that none has been diverted since except as the agent and instrumentality of defendant Fetherston; that the latter is the owner of all the stock of petitioner except the qualifying shares thereof held by certain of its directors, and that all the water diverted by petitioner since the last-mentioned date has been diverted for the purpose of aiding Fetherston in the development and sale of his private lands and not for a public use nor for the benefit of the public; that the town of Felton is no longer

82 Cal. App.—25

a municipal corporation and that the purpose of the proceeding is to acquire water not for a public use, but for the purpose of maintaining swimming tanks, fish-ponds, and otherwise beautifying the private property of Fetherston. The answer also contains allegations by way of special defense to the action which in substance are re-alleged in the pleading denominated a cross-complaint made a part thereof, in which latter pleading defendants Seminary Avenue Land Company and Forest Lakes Mutual Water Company, as against petitioner and defendant George H. Fetherston, aver the ownership in Seminary Avenue Land Company of certain lands described in the complaint, with the water and water rights appurtenant thereto which are sought to be condemned; that a portion of these lands are riparian to the stream and have been subdivided into lots and blocks, and large sums invested in the construction of a water system for supplying the present owners and prospective purchasers thereof with water from the stream for domestic and other purposes; that Forest Lakes Mutual Water Company was organized for the more convenient handling of the water rights owned by Seminary Avenue Land Company, which were conveyed to the former for the purpose of distributing the waters of the stream as a public use to the lot owners mentioned; that in an action brought in respondent court by these defendants against Santa Cruz Land Title Company, George Fetherston, and others, not including petitioner, it was found and adjudged that the lands owned by Seminary Avenue Land Company were, and that the lands owned by Fetherston described in the complaint were not, riparian to the stream; that Fetherston was the owner of substantially the whole of the capital stock of petitioner, and that the latter was the agent and instrumentality of Fetherston in diverting and receiving from Fetherston the waters diverted by him from the stream; that Santa Cruz Land Company, Fetherston, and their agents, particularly the petitioner, were therein enjoined from obstructing or diverting the flow of the stream at any point above the lands owned by Seminary Avenue Land Company, or within the boundaries of the lands owned by Fetherston; that Fetherston and petitioner since the entry of said judgment and in violation of the injunction and without the consent of defendants named have continuously diverted large quantities

of said water, and that petitioner intends and threatens to divert in addition thereto the 150,000 gallons thereof per day sought to be condemned without any judgment of condemnation having been given or any compensation awarded or paid.

This pleading concludes with a prayer for damages and that petitioner be restrained pending the trial of the action from taking any part of the property owned by these defendants and sought to be condemned.

A motion to strike out portions of the pleading filed by defendants was denied and a demurrer thereto was overruled. The motion, following the filing of which the order to show cause was issued, was based on the answer and cross-complaint mentioned, and an affidavit served and filed.

Petitioner contends that respondent court is without jurisdiction to grant affirmative relief to a defendant in a condemnation proceeding or to entertain an application therefor.

It is provided by section 14 of article I of the constitution that private property shall not be taken or damaged for public use without just compensation being first made to or paid into court for the owner, further provision being made therein for the immediate taking and use of property sought to be condemned by the state, a county, or certain enumerated corporations following the commencement of the action upon giving security for the payment of damages. [1] Petitioner is not a corporation of the class mentioned in the section, and its right to the possession of the easement sought to be condemned will, as provided by section 1254 of the Code of Civil Procedure, depend upon and follow the entry of a judgment in the pending proceeding. [2] The taking of private property before the amount of the compensation is ascertained will be enjoined (*Grigsby* v. *Burnett,* 31 Cal. 406; *Myers* v. *Daubenbiss,* 84 Cal. 1 [23 Pac. 1027]; *Haynes* v. *Indio Levee Dist.,* 46 Cal. App. 436 [189 Pac. 475]; *Marblehead Land Co.* v. *Superior Court,* 60 Cal. App. 644 [213 Pac. 718]; *Stone* v. *Cordua Irr. Dist.,* 72 Cal. App. 331 [237 Pac. 554]), unless the owner with knowledge has suffered without protest the property to be devoted to a public use by one engaged in administering such use, in which case his conduct will be regarded as a dedication of the property to such use, and his only remedy will be an

action for compensation (*Katz* v. *Walkinshaw,* 141 Cal. 116, 136 [99 Am. St. Rep. 35, 64 L. R. A. 236, 70 Pac. 633, 74 Pac. 766]; *Gurnsey* v. *Northern Cal. Power Co.,* 160 Cal. 701 [36 L. R. A. (N. S.) 185, 117 Pac. 906]; *Miller & Lux* v. *Enterprise C. & L. Co.,* 169 Cal. 415 [147 Pac. 567]). [3] A proceeding to condemn property for a public use is a special proceeding in the superior court, and except as otherwise provided the provisions of article II of the Code of Civil Procedure are applicable to and constitute the rules of practice in such proceedings (sec. 1256, Code Civ. Proc.). The court in such a proceeding has jurisdiction on motion to prevent the plaintiff from taking possession of the property sought to be condemned until an order is made authorizing it (*In re Bryan,* 65 Cal. 375 [4 Pac. 304]; *Neale* v. *Superior Court,* 77 Cal. 28 [18 Pac. 790]). Moreover, it is invested with jurisdiction of all special proceedings not otherwise provided for, and in conducting such proceedings exercises the usual and ordinary powers in disposing of the issues necessarily involved, and may exercise the implied power to do all which is necessary incident to the authorized proceeding (*City of Los Angeles* v. *Pomeroy,* 124 Cal. 597 [57 Pac. 585]).

[4] In the pending proceeding the court has jurisdiction both of the parties and of the subject of the litigation; and in the exercise of its power to hear and determine the issues necessarily involved has the incidental power to prevent the plaintiff from taking possession prior to the entry of judgment (*In re Bryan, supra; Neale* v. *Superior Court, supra*). Having this power in a proper case its conclusion as to whether the facts alleged or the pleadings in form are sufficient to warrant the relief sought, though erroneous, will nevertheless be an exercise of jurisdiction (*Amos* v. *Superior Court,* 196 Cal. 677 [239 Pac. 317]; *Cassidy* v. *Cannon,* 18 Cal. App. 426 [123 Pac. 358, 359]; *Kelsey* v. *Superior Court,* 40 Cal. App. 229 [180 Pac. 662]; *McMorry* v. *Superior Court,* 54 Cal. App. 76 [201 Pac. 797]).

The motion and order require petitioner to show cause why it should not be restrained from diverting the waters of the stream so as to interfere with or obstruct the flow thereof within the boundaries of certain described land. Petitioner alleges that before the filing of the action, it commenced to divert and is now diverting certain of these

waters, which have been impressed with a public use; but whether this portion is a part of that sought to be condemned does not appear. In *San Diego Land & Town Co. v. Neale*, 78 Cal. 80 [3 L. R. A. 83, 20 Pac. 372], an order made in a proceeding to condemn, requiring the plaintiff to restore property to the subject of the litigation, possession of which had been taken by the plaintiff during the pendency of the proceedings without paying into court the compensation awarded the defendant, was reversed on appeal, it being held that relief must be sought in an independent proceeding. **[5]** Should it appear on the hearing of the motion and order to show cause that as to a portion of the flow now being diverted defendants are entitled only to compensatory relief, or as to such portion the facts shown bring the case within the decision last cited, the fact that defendants have sought relief which to the extent prayed for cannot legally be granted will not deprive the court of the power to determine and grant the relief to which they may be entitled. **[6]** A writ of prohibition will not lie to prevent a subordinate court from deciding erroneously, and the writ cannot be used to prescribe what a court shall or shall not consider in a matter before it and within its jurisdiction (*Wreden* v. *Superior Court*, 55 Cal. 504; *Van Hoosear* v. *Railroad Com.*, 189 Cal. 228 [207 Pac. 903]).

For the foregoing reasons the writ is denied.

Tyler, P. J., and Knight, J., concurred.