[Civ. No. 8992.   First Appellate District, Division Two.—November 21, 1933.]

E. M. EARL et al., Appellants, v. KNUTE LOFQUIST, as Executor, etc., Respondent.

Leo E. Anderson and Meserve, Mumper, Hughes & Robertson for Appellants.

Earle K. Stanton and M. R. Van Wormer for Respondent.

OGDEN, J., *pro tem.*—This is an appeal from a judgment entered in favor of respondent after his demurrer to appellants' amended complaint was sustained and the latter declined to amend. Although the defendant R. W. Nuttall is now deceased and substitution has been made, he is referred to herein as respondent.

The action is representative in character, being brought by appellants as shareholders on behalf of the defendant Lopez Canyon Oil Company, a corporation, its directors refusing to bring suit. It is based upon fraud and seeks the recovery to the corporation of certain real property in the possession of respondent alleged to have been fraudulently obtained by him from the corporation, the reasonable value of other real property allegedly obtained by the same means and under the same circumstances, but since disposed of, and the rents received from the properties by respondent.

In substance it is alleged that respondent, a director and secretary of the corporation, which he dominated, falsely and with the fraudulent intent to defraud the corporation and to induce its directors to make the conveyances complained of, represented to the other directors that the corporation was heavily indebted and that it was necessary to dispose of its real property in order to pay its debts; that, relying thereon, the board of directors was thereby fraudulently induced by respondent to convey said property to the defendant S. F. Nuttall, the wife of respondent and a stockholder of the corporation, in consideration of the payment by her of the debts of the corporation. It is further alleged that the latter took and held the property in her name solely for the use and benefit of respondent, that no consideration whatsoever was given therefor, there being in truth no corporate indebtedness to be paid.

The amended complaint contains what are designated as five separate and distinct causes of action. The so-called first cause of action refers only to that portion of the real property still retained by respondent and contains merely the usual averments found in ordinary quiet title actions, to wit, ownership and right of possession in the corporation and claims adverse thereto by respondent and his wife. The

so-called second cause of action refers to the same property, incorporates by reference the preceding allegations and sets forth in detail the fraudulent transaction complained of. The third and fourth so-called causes of action incorporate by reference the allegations of fraud and seek the recovery of the reasonable value of those portions of the property subsequently disposed of by respondent. By their so-called fifth cause of action the recovery of all rents received by respondent from the property is sought. The demurrer is to each so-called cause of action on the general ground that a cause of action is not stated and as to the second, third, fourth and fifth causes of action pleads the provisions of section 318 and subdivision 4 of section 338 of the Code of Civil Procedure as a bar to recovery.

We cannot subscribe to either of the two contentions relied upon by respondent in support of the judgment. ■ He first relies on the fact, which affirmatively appears from the complaint, that appellants were not stockholders of the corporation at the time of the acts complained of and argues that where the corporation has lost its right of action by reason of the statute of limitations, the action cannot be maintained by a stockholder who purchased his stock subsequent to the date of the transaction complained of. This merely begs the real question with which we are concerned in this appeal, namely, whether the cause of action is barred by the statute as to the corporation. If the right to maintain the action is barred as to the corporation by the statute of limitations, neither the corporation nor a stockholder in its behalf, irrespective of when he became such, can maintain it. The fact that a stockholder is the nominal plaintiff does not in any manner enlarge the rights and remedies of the action (*Turner* v. *Markham*, 155 Cal. 562 [102 Pac. 272]). But where the cause of action exists in favor of the corporation, a stockholder thereof may maintain it even though he acquired his shares after the fraud complained of (*Harvey* v. *Meigs*, 17 Cal App. 353 [119 Pac. 941]; *Beal* v. *Smith*, 46 Cal. App. 271 [189 Pac. 341]). Federal New Equity Rule No. 27 and the decisions of the federal courts based thereon requiring the plaintiff to have been a shareholder at the time of the transaction complained of, or that his share must have

devolved on him by operation of law, are not the law of this state (6a Cal. Jur. 818, n. 13).

■ Respondent next contends that appellants, having waited approximately one year and five months after the date they allege discovery of the fraud before commencing the action, are guilty of laches. Here again he avoids the real question, for if the statute has not run no presumption of laches arises from the mere fact of delay (*Haynes* v. *Indio Levee District*, 46 Cal. App. 436 [189 Pac. 475]), in the absence of an affirmative showing of prejudice resulting therefrom.

We are, however, of the opinion that the action is barred by the statutes of limitation pleaded and that the demurrer was therefore properly sustained. The fraudulent representations and the conveyance complained of are alleged to have occurred on October 16, 1918, and the action was commenced on February 3, 1930, over eleven years later.

■ The third, fourth and fifth causes of action being for relief, by way of monetary compensation, on the ground of fraud, subdivision 4 of section 338 of the Code of Civil Procedure applies. The period of limitation therein provided is three years from the date of discovery by the aggrieved party of the facts constituting the fraud.

■ In *Consolidated R. & P. Co.* v. *Scarborough*, 216 Cal. 698 [16 Pac. (2d) 268], containing an exhaustive review of the pertinent authorities, the rules of pleading governing the statement of a cause of action for fraud committed more than three years prior to the commencement of suit are clarified and definitely stated. These rules require that the pleader must not only show (1) that he did not discover the fraud until within three years next before the action was begun and (2) that the fraud was committed under such circumstances that he would not be presumed to have had knowledge of it at the time, but (3) he must also set forth the times and circumstances under which the facts constituting the fraud came to his knowledge so that the court may determine from the allegations of the complaint whether the discovery was within that period.

■ Applying the foregoing to the pleading in the present case, it is apparent that appellants have not met the third requirement. In justification of the delay in bringing the action it is pleaded merely that, since the transfer of

the properties and until September 4, 1928, the defendants actively prevented the plaintiffs and other stockholders of the corporation from ascertaining or discovering or in anywise learning of said representations and the falsity thereof and by reason thereof plaintiffs and the other stockholders did not discover the falsity of said representations or that said representations had been made until on or about the fourth day of September, 1928. Neither the circumstances under which the fraud was discovered nor the means whereby an earlier discovery was prevented are stated. As said in *Lady Washington C. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809, 810]: "Whether there has been a 'discovery' of the facts 'constituting the fraud' within the meaning of the statute of limitations, is a question of law to be determined by the court from the facts pleaded. As in the case of any other legal conclusion, it is not sufficient to make a mere averment thereof, but the facts from which the conclusion follows must themselves be pleaded."

Appellants seek to bring this case within the rule announced in *Reid* v. *Robinson,* 64 Cal. App. 46 [220 Pac. 676], that where the control of a corporation lies in a board of directors, all the members of which are personally concerned in the fraud, and where it would follow that no action could or would be instituted by the corporation for redress of its wrongs, an action by a stockholder of the corporation will not be barred by reason of the lapse of time provided by the statute. The allegations of the amended complaint do not, however, warrant the application of this rule. It is not alleged that the members of the board of directors, other than the respondent and his wife, were parties to the fraud. The allegation, upon which appellants rely in this regard, that respondent dominated the corporation is limited to the date of the alleged fraudulent acts and does not refer to the period subsequent thereto.

█ The first and second so-called causes of action are, however, for the recovery of real property and subdivision 4 of section 338 of the Code of Civil Procedure does not apply. The rule stated in *Murphy* v. *Crowley,* 140 Cal. 141 [73 Pac. 820, 821], that, "although the main ground of the action is fraud or mistake, whereby defendant has obtained the legal title to the land in controversy, and the chief contention between the parties is with respect to the fraud or

mistake alleged, yet, if the plaintiff alleges facts which show, as a matter of law, that he is entitled to possession of the property, and a part of the relief asked is that he be let into possession, or that his title to the land be quieted, the action is in reality for the recovery of real property, and is not barred except by the five-year limitation contained in section 318 (Code of Civil Procedure)'' has been repeatedly approved and followed in a long line of authorities, an enumeration of which may be found in 16 Cal. Jur. 438, note 12. The provisions of section 318 are pleaded by way of demurrer to that portion of the amended complaint designated as the second cause of action. This section provides: ''No action for the recovery of real property, or for the recovery of possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the property in question, within five years before the commencement of the action.'' It affirmatively appearing from the amended complaint that respondent has been in possession of the property since the date of the transaction complained of, over eleven years before the action was commenced, the demurrer thereto was properly sustained on this ground. Whether a concealment of the fraud and delayed discovery thereof would, where properly pleaded, operate to extend the time of commencement of the period of limitation prescribed in section 318 is not necessary to here determine in view of our conclusions as to the inadequacy of the pleading in that regard.

That the so-called first cause of action is in the simple form of quiet title action, containing only the usual averments as to ownership and claim adverse thereto, and was not specifically demurred to on the ground of the statute of limitations is of no importance, for, although designated as separate causes, those portions of the amended complaint entitled first and second causes of action state but one cause of action. A complaint to quiet title and, as incidental thereto, to have declared void the instrument under which the defendant asserts title states but a single cause of action (*Parsons* v. *Weis*, 144 Cal. 410 [77 Pac. 1007]; *Beronio* v. *Ventura County Lumber Co.*, 129 Cal. 232 [61 Pac. 958, 79 Am. St. Rep. 118]). Where, as here, but one cause of action is stated, and that portion of the

380

complaint designated as a second cause of action is not a real attempt to state a second transaction intended as an independent ground for plaintiff's suit, but is only a detail of matters tending to show the extent, form and nature of the relief to which plaintiff is entitled upon his single cause of action, the words designating it a separate cause of action will be disregarded (*Murray* v. *Murray*, 115 Cal. 266 [47 Pac. 37, 56 Am. St. Rep. 97, 37 L. R. A. 626]).

■ Appellants call attention to their allegations that the action of the board of directors in conveying the property was void by reason of the fact that the meeting at which such action was taken was not held on the regular meeting date as provided by the by-laws of the corporation and that no notice thereof was given as provided by law. They take the position that aside from the allegations as to fraud these allegations alone are sufficient to sustain the cause of action. The allegations do not, however, sufficiently show the invalidity of the action of the directors. From aught that appears in the pleading all of the directors were present and participated in the meeting and there is no averment negativing a waiver of notice authorized by section 320a of the Civil Code in effect at that time.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1934.