[Civ. No. 3967.   Fourth Dist.   June 28, 1950.]

JOHN WANDERS et al., Appellants, v. ELMA M. NELSON et al., Respondents.

Robert B. Burch, Jr., and Davies, Burch & Conyers, for Appellants.

Edwin M. Campbell for Respondents.

MUSSELL, J.—Plaintiffs appeal from the judgment in this action to enjoin defendants from interfering with the natural flow of surface waters from plaintiffs' land over that owned by the defendants, for damages, and to require the defendants to

remove obstructions and levees alleged to have been constructed by them. The sole question involved is the sufficiency of the evidence to support the findings and judgment.

Plaintiffs and defendant Nelson own contiguous acreage in Chula Vista. The lands owned by Nelson lie west and south of plaintiffs' property. The natural drainage of surface water is westerly across Lots 9A and 8, owned by plaintiffs, and thence in a westerly and northerly direction across Lot 7, owned by defendant Nelson.

For many years prior to 1945, the properties involved consisted of lemon orchards. In that year, plaintiffs removed the orchards from their property and leveled all of their land for the purpose of planting and raising vegetables, more particularly celery. In the process of such leveling, plaintiffs changed and altered the natural drainage across their property. In 1948, defendants Black and Date, lessees of defendant Nelson, removed a lemon orchard from Lot 7, owned by Nelson, and cultivated, leveled, planted and raised celery on said lot. In the leveling, cultivating and normal farming operations thereon, said defendants caused some dirt to be moved from a low spot, running through Lot 7, and raised the level of the north line about 2 inches for a distance of approximately 75 feet, thereby, to some extent, obstructing the flow of excess irrigation water from plaintiffs' land over that of the defendants. This is the obstruction which plaintiffs claim interfered with the natural flow of surface waters and which they assert will cause such waters to be dammed up and flood plaintiffs' land, causing injury to their crops.

The trial court found that the cultivation and leveling of Lot 7 by the defendants did obstruct the flow of the excess irrigation water, but that the acts of the defendants did not cause such waters to flow back and stand upon plaintiffs' land; that the acts of the defendants did not cause any injury whatsoever to plaintiffs' land and celery crop, kill any plants of plaintiff, make the soil unfit for cultivation, or cause damage to the plaintiffs.

The findings of the court in this respect are sufficiently supported by the testimony, particularly that of plaintiffs' witness Hatz, who testified, in substance, that he was an orchard operator and familiar with the natural drainage across the properties involved; that the obstruction did hold back a small amount of drain water but that flood waters would go straight through and follow the channel because the obstruction was not high enough to hold them back; that the change in

elevation of 2 inches on defendant Nelson's property would cause no flooding to the detriment of plaintiffs because the present ditches would handle the irrigation waters satisfactorily.

It is apparent from the testimony that the surface waters will still flow through the Nelson property and escape, as they always did, in spite of the 2-inch elevation, which is apparently in a small area. The claim of plaintiffs that in the case of heavy rains, the flood waters would be backed up on their property by reason of the 2-inch elevation is not supported by the evidence.

An upper riparian owner has the right to have a lower riparian owner receive the surface water falling on the upper owner's land and a lower owner may not dam up a channel so as to obstruct the flow of waters across the upper owner's land. (*LeBrun v. Richards,* 210 Cal. 308, 313 [291 P. 825, 72 A.L.R. 336]; *Heier v. Krull,* 160 Cal. 441, 444 [117 P. 530].) However, in the instant case, the court found that the slight elevation of the land level described herein was not sufficient to cause any backing up of the surface waters on plaintiffs' land or any damage to their land or crops. The findings of the trial court must be sustained if they are supported by substantial evidence and all legitimate and reasonable inferences must be indulged toward upholding the findings. (*Fackrell v. City of San Diego,* 26 Cal.2d 196, 207 [157 P.2d 625, 158 A.L.R. 625]; *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)

Plaintiffs allege in their amendment to the complaint that they had, by prescription, acquired the right to discharge surface waters on defendant Nelson's land and now contend that the trial court erred in failing to find that they had acquired such a right. We find no merit in this contention.

The court found the allegations of the amendment to the complaint, alleging a prescriptive right to discharge surface waters on defendants' land, to be untrue. There was testimony that the natural drainage way and ditch to defendant Nelson's property (Lot 7) was put in by plaintiffs in 1945, and that the ditch was not maintained regularly; "some years it was open and others it wasn't." In 1945 plaintiffs changed the contour of their land and filled the old drainage ditch, changing the direction of the natural flow of surface waters.

The burden of proving the acquisition of a right by prescription is upon the one claiming the right. The prescriptive right

must be established by the clearest and most satisfactory proof, including all of the elements essential to such title. These elements are actual, open and notorious use, hostile and adverse to the title of the party against whom the adverse claim is made, continuous and uninterrupted for the statutory period under claim of right. (*Hahn* v. *Curtis,* 73 Cal.App.2d 382, 389 [166 P.2d 611].)

The location of an easement may not be changed. (*Hannah* v. *Pogue,* 23 Cal.2d 849, 855 [147 P.2d 572].) The court found that plaintiffs failed to prove all of the elements essential to establish a prescriptive right or title. The judgment does not restrict plaintiffs in their right to require the defendants to receive surface waters falling on plaintiffs' lands. The record shows that the natural flow of surface waters will not be changed by the acts of defendants, and no damage has been suffered by plaintiffs. The evidence is sufficient to support the findings and judgment of the trial court.

Judgment affirmed.

Barnard P. J., and Griffin, J., concurred.